## BALASQUIDE *v.* ROSSY, JUEZ DE DISTRITO.

SOLICITUD para que se expida mandamiento de *certiorari.*

No. 86.—Resuelto en febrero 9, 1912.

ORDEN INAPELABLE—NOMBRAMIENTO DE SÍNDICO—CERTIORARI.—Es jurisprudencia constante de este tribunal que una orden sobre nombramiento de síndico, dictada por una corte de distrito, no es apelable por sí sola, y, en propios casos, dicho nombramiento es revisable inmediatamente por medio del recurso extraordinario de *certiorari.*

ALIMENTOS PROVISIONALES—RESOLUCIONES APELABLES—CERTIORARI.—Aunque de acuerdo con el artículo 84 de la Ley de Procedimientos Legales Especiales de marzo 9, 1905, la sentencia que se dicte en juicios sobre alimentos, es apelable, como en el caso de autos no se siguió el procedimiento marcado por dicho artículo, y como la orden concediendo alimentos fué al parecer un deber más que se impuso al síndico, cuyo nombramiento es objeto de revisión por medio de este recurso, la jurisdicción de este tribunal se extiende a conocer también dentro de este mismo recurso, de la expresada orden sobre alimentos provisionales.

JUECES—FACULTADES PARA RECONSIDERAR ORDENES DICTATAS POR SU PREDECESOR.—Un juez tiene derecho para reconsiderar las órdenes dictadas por su predecesor, en pleitos sometidos a su jurisdicción, siempre que dicho recurso se ejercite en tiempo oportuno y las circunstancias del caso así lo requieran.

NOMBRAMIENTO DE SÍNDICO DESPUÉS DE DICTADA SENTENCIA.—La ley vigente autoriza el nombramiento de síndico en un pleito en que se haya dictado sentencia, para dar cumplimiento a la misma, para disponer de los bienes de acuerdo con ella, o para conservarlos mientras se resuelve una apelación; todo lo cual implica que haya bienes realmente envueltos en el litigio.

ID.—CASOS EN QUE PROCEDE.—La facultad de nombrar un síndico aunque dirigida a la sana discreción del tribunal, no es arbitraria, y es una facultad muy delicada que debe ejercitarse con gran cautela y solamente cuando las circunstancias del caso exijan un remedio urgente o cuando la corte tenga motivos suficientes para creer que exista peligro inminente de que pueda ocurrir una pérdida, y nunca deberá ejercitarse dicha facultad en casos dudosos.

NOMBRAMIENTO DE SÍNDICOS EN CASOS SOBRE RECONOCIMIENTO DE HIJOS NATURALES DESPUÉS DE DICTADA LA SENTENCIA.—En casos de esta naturaleza

para que el juez pueda en el ejercicio de su discreción nombrar un síndico, debe antes oir ampliamente a ambas partes y tener ante él verdaderos hechos demostrativos de que tal nombramiento es en verdad necesario y constituye el mejor medio para la conservación de los bienes.

Alimentos Provisionales—Procedimiento para Decretarlos—Pruebas.—En casos de solicitud de alimentos provisionales no sólo es necesario alegar y probar que se tiene derecho a ser alimentado, sino que para que la corte pueda fijar la cantidad que deba abonarse, es necesario que tenga datos sobre las necesidades del que pide y los medios del que debe prestarlos.

Los hechos están expresados en la opinión.

Abogados del peticionario: *Sres. José Guzmán Benítez y Juan Guzmán Benítez.*

Abogados de la parte contraria: *Sres. Herminio Díaz, Francis H. Dexter y Cay. Coll Cuchí.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

El presente es un recurso de *certiorari* interpuesto por Antonio Balasquide Gómez contra el Juez de la Corte de Distrito de San Juan, Sección 2ª., para que se anulen ciertas órdenes sobre nombramiento de un síndico y concesión de alimentos, dictadas en el pleito seguido por Enrique Camacho contra Antonio Balasquide sobre filiación y reconocimiento y declaratoria de herederos.

Presentada la solicitud debidamente jurada, se expidió el auto y se señaló día para la vista que se celebró con la asistencia e informe de los abogados de ambas partes en el expresado pleito. Los autos originales del mismo fueron reclamados y están sometidos a nuestra consideración.

De dichos autos aparece que el 31 de enero de 1911, se archivó en la Corte de Distrito de San Juan una demanda enmendada establecida por Enrique Camacho, asistido de su madre Martina Camacho como defensora, contra Antonio Balasquide Gómez, en la cual se alegan hechos demostrativos de que el demandante es hijo natural de Ramón Balasquide Gómez, hermano del demandado, y se solicita que se dicte sentencia declarando al demandante hijo natural reconocido y único heredero del dicho Ramón Balasquide.

Seguido el pleito por todos sus trámites, se dictó sentencia el 9 de agosto de 1911, declarando con lugar la demanda con costas al demandado. Dicha sentencia fué notificada a las partes el 15 de agosto de 1911. El demandado solicitó nuevo juicio el 22 de agosto de 1911 y apeló de la sentencia el 12 de septiembre del mismo año.

Así las cosas, el demandante, el 27 de octubre de 1911, pidió a la corte nombrara un síndico que "ocupe los bienes mencionados y en litigio, los administre, cobre sus rentas," etc., alegando para ello bajo juramento los siguientes hechos:

El de la sentencia a su favor. El de la apelación, y "que por virtud de dicha sentencia el demandante es el único dueño del caudal hereditario de Ramón Balasquide Gómez, compuesto de las diversas participaciones hereditarias y bienes adquiridos por otros títulos por Ramón Balasquide Gómez, según se describen en la demanda interpuesta ante esta misma sección de la corte de Distrito de San Juan, cuya copia se acompaña; todos cuyos bienes están en posesión de los demandados, y, principalmente, del demandado Antonio Balasquide, quien reside fuera de la jurisdicción territorial de esta corte, y puede disponer ilegalmente de ellos, con fraude de los derechos de este demandante; y el peticionario alega y cree que esa disposición fraudulenta de sus bienes por dichos demandados puede ocurrir en cualquier tiempo, sin modo hábil para este peticionario de impedirlo, a no ser por el nombramiento de un síndico por esta corte con arreglo a la ley. Y el peticionario además, tiene motivos fundados para creer que se trata de ocultar y hacer desaparecer tales bienes, con el fin de burlar la antedicha sentencia. Y todas las rentas y productos de dichos bienes las perciben dichos demandados a su solo provecho, sin rendir cuentas de ninguna clase a este peticionario ni a ninguna otra persona, con el fin único de perjudicar los derechos de este peticionario, el cual se encontrará sin remedio alguno que sea pronto y eficaz para evitar tales despojos."

De la copia de la demanda a que se refiere la petición, aparece que dicha demanda se interpuso por Enrique Balasquide Camacho contra Antonio Balasquide y otros, en reclamación de herencia. En dicha demanda se alegan hechos tendentes a establecer el derecho del demandante y se termina suplicando a la corte que dicte sentencia declarando la nulidad de ciertas declaratorias de herederos y de una escritura otorgada el 5 de marzo de 1910 por Antonio y Ramón Balasquide ante Notario Público.

Presentada la petición, el juez en su despacho el mismo día 27 de octubre, dictó una orden que, copiada a la letra, en lo pertinente, dice así:

"Habiéndose presentado por el demandante en este caso, una solicitud para que se proceda al nombramiento de un síndico que tome a su cargo la posesión y administración, bajo las órdenes de esta corte, de ciertos y determinados bienes especificados en la copia de la demanda que se acompaña a dicha solicitud; y resultando de dicha petición que la ley y los hechos están en favor de la misma, la corte, por la presente ordena:

"Que el lunes, treinta de octubre corriente, a las diez de la mañana se procederá en corte abierta al nombramiento de un síndico-administrador, a fijar la fianza que debe prestar, y los demás procedimientos de ley, a no ser que los demandados comparezcan en dicho día y hora a mostrar causas por las cuales no deba procederse a ese nombramiento, debiéndose servir una copia de esta orden en uno de los abogados de récord de dichos demandados."

Notificado el abogado del demandado, Juan de Guzmán Benítez, en la tarde del viernes 27 de octubre, archivó una moción el 30 de dicho mes, oponiéndose al procedimiento seguido y al nombramiento del síndico. Esto, no obstante, el juez resolvió oir y oyó a los abogados de las partes en el día 30 señalado y el 31 dictó la siguiente:

"*Orden nombrando un síndico administrador.*—Por cuanto, el demandante en este caso Enrique Camacho, asistido de su madre Martina Camacho y por medio de sus abogados F. H. Dexter, Esq., Herminio Díaz, Esq. y Cay. Coll Cuchí, Esq., han presentado ante esta

Sec. 2ª. de la Corte de Distrito de San Juan, una solicitud para el nombramiento de un síndico-administrador, de acuerdo con el apartado 3 del artículo 182 del Código de Enjuiciamiento Civil;

"Y por cuanto, esta Sección 2ª. de esta corte de distrito, después de considerar debidamente dicha solicitud, dictó una orden para que los demandados compareciesen en corte abierta el día treinta de octubre de 1911, a mostrar causas, si las tuvieren, para que no se efectuara dicho nombramiento;

"Y por cuanto, habiendo comparecido ante esta corte todas las partes, asistidas de sus respectivos abogados, el día y hora señalado para ello, informando a la corte y discutiendo debidamente el caso, la corte, informada suficientemente sobre el punto;

"*Ordena:* Que debe declarar y declara con lugar la petición del nombramiento de un síndico-administrador hecha por el demandante;

"Y ordena además, que nombra como tal síndico-administrador a Enrique Campillo Abrams;

"Y ordena además, que dicho síndico-administrador prestará una fianza para responder a su administración de diez mil dollars ($10,000), aprobada por la corte;

"Y ordena además, que dicho síndico-administrador procederá, una vez prestada la fianza, a tomar posesión de los siguientes bienes, que se alegan constituyen el caudal hereditario de R. Balasquide:

Casa No. 23, Calle de la Fortaleza, valorada en___ $17, 000
Casa No. 59, Calle de la Fortaleza, valorada en__    8, 000
Casa No.  6, Calle del Depósito, valorada en_____    8, 000
Casa No.  3, Calle de la Puntilla, valorada en___    7, 000
Casa No. 10, Calle Nueva, valorada en_____    3, 000
Casa, sitio la Ollería, Santurce, valorada en_____    3, 000
Casa No.. 12, Calle de Isabel 2ª., valorada en_____   11, 000
Casa No.  5, Calle del Depósito, valorada en____    7, 000
Casa No.  8, Calle Nueva, valorada en_____    6, 000
Solar situado en el sitio Machuchal, barrio de Santurce de
esta ciudad, (se describe).

URBANA, solar situado en Machuchal, barrio de Santurce
de esta ciudad, (se describe).

"Y *además* ordena, que dicho síndico-administrador tendrá todos los demás poderes y obligaciones anexos a su cargo, debiendo llevar una cuenta exacta de su administración, depositando todos los dineros en el Bank of Nova Scotia."

Aparece también de los autos que Martina Camacho, por medio de su abogado compareció y·expuso a la Corte:

"Que por orden de esta fecha de 31 de octubre de 1911, el caudal hereditario de su hijo Enrique Balasquide Camacho, ha sido puesto en manos de un síndico.

"Que la peticionaria y el demandante tienen derecho a recibir una pensión mensual como alimentos mientras dura dicha administración.

"En virtud de lo cual pide a la corte que se sirva ordenar al síndico el pago a la peticionaria de una mensualidad de cincuenta dollars."

A dicha moción la corte, sin oir a la parte contraria, resolvió como sigue:

"Vista la resolución del Tribunal Supremo en el caso Lucero, se concede como se pide; y el síndico entregará dicha mensualidad a la peticionaria."

El Juez Foote que dictó las órdenes sobre nombramiento de síndico y concesión de alimentos que hemos transcrito, cesó en su cargo el 31 de octubre, pasando a ocupar el de Fiscal de esta Corte Suprema, y el 1 de noviembre comenzó a actuar el Juez Rossy. Ante este último y dentro del pleito de filiación, compareció el demandado Balasquide el 3 de noviembre de 1911 solicitando la reconsideración de las expresadas órdenes. El juez oyó a los abogados de ambas partes y, en 23 de noviembre de 1911, declaró sin lugar la moción del demandado por estimar que no tenía "poder para reconsiderar, anular, dejar sin efecto o modificar resoluciones dictadas por su predecesor."

Expuestos los anteriores hechos que hemos considerado necesarios para la mejor inteligencia de este caso, estudiaremos las cuestiones envueltas por el siguiente orden:

1°. Si procede el recurso interpuesto.

2°. Si un juez de distrito tiene poder para reconsiderar las órdenes de su predecesor;

3°. Si es erróneo el procedimiento seguido para el nombramiento del síndico, y si los hechos demuestran un caso que requiera tal nombramiento.

4º. Si es erróneo el procedimiento seguido para la concesión de alimentos.

Veamos la primera. Durante la vista del recurso los abogados del demandante en el pleito sobre reconocimiento, alegaron que siendo apelables las órdenes cuya nulidad se solicitaba, no procedía el ejercicio del recurso extraordinario de *certiorari*.

En cuanto a la orden sobre nombramiento de síndico, ya este mismo Tribunal Supremo ha resuelto en repetidos casos que no es apelable.

*Salvá* v. *Sucesión Borrás,* 8 Dec. de P. R., 201;

*Salvá* v. *Sucesión Borrás,* 8 Dec. de P. R., 203;

*Moreno* v. *Martínez,* 10 Dec. de P. R., 525; y

*Fernández et al.* v. *Foix et al.,* decidido el 19 de abril de 1910, 16 Dec. de P. R., 249.

En tal virtud debe concluirse que, en propios casos, dicho nombramiento es revisable por medio del recurso extraordinario de *certiorari*.

Y en cuanto a la orden sobre alimentos, la ley después de disponer que toda reclamación sobre alimentos provisionales se tramitará en la forma prescrita para el juicio de desahucio, establece que contra la sentencia que se dicte en esa clase de juicios, se puede utilizar el recurso de apelación. Leyes de 1905, p. 241.

Pero como en el presente caso no se siguió el procedimiento marcado por la Ley, como la orden sobre alimentos fué al parecer un deber más que se impuso al síndico que acababa de nombrarse, y como la totalidad del pleito está sometido a nuestro examen, creemos que nuestra jurisdicción debe extenderse también dentro de este recurso, a la repetida orden sobre alimentos provisionales.

Resuelta en sentido afirmativo la primera de las cuestiones envueltas, nos referiremos a la segunda.

A nuestro juicio es bien claro que un juez tiene autoridad para reconsiderar las órdenes dictadas por su predecesor, en pleitos sometidos a su jurisdicción, siempre que dicho re-

curso se ejercite en tiempo oportuno y siempre que las circunstancias del caso así lo requieran.  Pero esta cuestión no es esencial en este asunto y, sin ahondar su estudio, pasaremos a considerar las otras envueltas en el mismo.

La ley vigente en Puerto Rico autoriza el nombramiento de un síndico después de dictada la sentencia, bien para darle cumplimiento o ya para disponer de los bienes de acuerdo con ella o para conservarlos mientras se resuelve la apelación.  (Art. 182 del Código de Enjuiciamiento Civil.)

El nombramiento de síndico en este caso se hizo en un pleito que versó sobre el reconocimiento de un hijo natural y su declaratoria de heredero.  Las alegaciones enmendadas y la sentencia dictada se refieren únicamente a dichos extremos.  Los bienes a que pueda tener derecho el hijo natural, no se determinaron dentro del expresado pleito.

Siendo esto así, parece una consecuencia lógica del estudio de los hechos y la ley, la improcedencia del nombramiento de un síndico dentro del expresado pleito.

Pero aceptemos, a los efectos de pesar todas las circunstancias del caso, que se interpuso otro pleito en el cual se reclamaron los bienes hereditarios y que las constancias de ese otro pleito pudieran tenerse en cuenta en relación con las del de reconocimiento, para determinar la procedencia del nombramiento de un síndico.

Examinando la demanda en el pleito sobre reclamación de herencia, se observa que se alegan varias nulidades y que el exacto derecho de Ramón Balasquide Gómez a determinados bienes, vendrá a fijarse finalmente en las operaciones que deberán ordenarse y practicarse para la partición de ciertas herencias, en el caso de que prospere la demanda.

Examinando la relación de los bienes que se han mandado entregar al síndico, se concluye que la única base que ha podido tener la corte para señalarlos es la expresada demanda sobre reclamación de herencia y en esa misma demanda consta que algunos de dichos bienes fueron vendidos por Ramón Balasquide Gómez a su hermano, el demandado Antonio Ba-

lasquide, por documento público.   Es cierto que se solicita la nulidad de dicho documento, pero tal nulidad no ha sido aún decretada por ningún tribunal.

Examinando la petición de nombramiento de síndico que se ha transcrito en los comienzos de esta opinión, se observa que sólo se alega que el demandado *"puede* disponer ilegalmente"* de los bienes; que "el peticionario *alega* y *cree* que esa disposición fraudulenta de sus bienes por dichos demandados *"puede* ocurrir en cualquier tiempo, sin modo hábil para este peticionario de impedirlo, a no ser por el nombramiento de un síndico," y que "el peticionario tiene además, motivos fundados para creer que se trata de ocultar y hacer desaparecer tales bienes," sin que se expresen cuáles son esos motivos.

Y examinando por último la forma en que se resolvió la solicitud, se observa que no se practicaron pruebas, que el demandado alegó falta de tiempo para preparar su defensa y se opuso al nombramiento, y que la demanda sobre reclamación de herencia acompañada a la solicitud, no había sido aún notificada a los demandados.

Tampoco se ha demostrado que los alegados derechos del demandante en los pleitos sobre reconocimiento y sobre reclamación de herencia, no puedan protegerse de otro modo que no sea por el nombramiento de un síndico.   El peticionario alega por el contrario que tal protección puede obtenerse mediante el aseguramiento de la sentencia, la anotación de la demanda en el registro de la propiedad, o el *injunction* para restringir al demandado o a cualquiera otra persona que esté en posesión de los bienes, de gravarlos, venderlos o disponer de sus rentas o productos.

"Generalmente la solicitud para el nombramiento de un síndico se dirige a la sana discreción de la Corte para que se ejercite como un medio auxiliar de cumplirse los fines de la justicia.   Pero el poder conferido no es arbitrario y para que la acción judicial esté justificada bajo la base de la discre-

ción, debe existir en realidad el caso que reclame el ejercicio de dicha discreción.

"La facultad de nombrar un síndico es muy delicada, especialmente cuando se invoca por medio de solicitudes interlocutorias ex parte, y debe ejercitarse con gran cautela, y solamente cuando las circunstancias del caso exijan un remedio urgente, o cuando la corte tenga motivos suficientes para creer que existe peligro inminente de que pueda ocurrir una pérdida, para que no sea mayor el perjuicio que ocasione la misma que aquel que se trata de evitar. Jamás deberá hacerse uso de tal facultad en un caso de duda, y cuando con el nombramiento no ha de obtenerse beneficio, o no resulta perjuicio de su negativa o sea, cuando no es manifiesta la necesidad de hacer el nombramiento. Debe la corte tomar en consideración las consecuencias para todas las partes, y no debe ejercitarse la facultad cuando hay probabilidades que tal ejercicio ocasione injusticia o perjuicio a los derechos privados, o si los hechos demuestran que el nombramiento lesionará los intereses de otras personas, cuyos derechos deben merecer tanta consideración por parte de la corte como los del demandante. Debe el juez hacer su orden de modo tal que si bien favorezca a una parte, no perjudique a otra, y de no conseguirse esto generalmente deberá negarse la solicitud."

*Sage* v. *Memphis Railroad Co.*, 125 U. S., 361; *McNair* v. *Gourrier*, 40 La. Ann., 353; 34 Cyc. 19 y 22 y casos citados.

Consideremos todo lo expuesto a la luz de la ley y de la jurisprudencia de los tribunales que hemos transcrito.

A virtud de la orden de la corte, nueve casas valoradas en setenta mil pesos, y dos solares, se sacan del poder del peticionario y se entregan a un síndico para que los administre, todo ello sin haber dado una verdadera oportunidad para defenderse al demandado, contra su voluntad, y sin haberse exigido más prueba de los hechos consignados en la solicitud que la solicitud misma y la copia de cierta demanda sobre reclamación de herencia.

No es posible aceptar como bueno tal procedimiento. En casos de esta naturaleza debe oirse ampliamente a ambas partes y la corte para, en el ejercicio de su discreción, proceder al nombramiento de un síndico, debe tener ante ella verdaderos hechos demostrativos de que tal nombramiento es en realidad de verdad necesario y constituye el mejor medio para la conservación de los bienes.

Siendo en tal virtud claramente erróneo el procedimiento seguido y no habiéndose demostrado además que existan bienes envueltos en el litigio, en el cual se solicitó el nombramiento, ni que tal nombramiento fuera necesario e indispensable en el caso de que tales bienes existieran para la conservación de los mismos; la orden recurrida debe anularse devolviéndose los bienes ocupados a la persona o personas en cuyo poder se encontraban al verificarse la ocupación.

A igual resolución es necesario llegar en cuanto a la orden sobre alimentos. La ley marca el procedimiento que debe seguirse y a tal procedimiento deben atemperarse los que acuden a las Cortes en solicitud de los mismos. En casos de tal naturaleza, no sólo es necesario alegar y probar que se tiene derecho a ser alimentado, sino que para que la Corte pueda fijar la cantidad que debe abonarse, es necesario que tenga datos sobre las necesidades del que pide y los medios del que debe, ya que, según al artículo 216 del Código Civil, la cuantía de los alimentos será proporcionada a los recursos del que los da y a las necesidades del que los recibe y se reducirán o aumentarán en proporción a los recursos del primero y a las necesidades del segundo. Hemos examinado el caso de Lucero al cual parece referirse la orden recurrida, y no encontramos que pueda aplicarse para sostenerla en modo alguno.

Como el procedimiento seguido para la solicitud y concesión de alimentos no es el autorizado por la ley, también debe concluirse que es erróneo y en su consecuencia anularse la orden recurrida.

Debe dictarse una sentencia de acuerdo con lo establecido en esta opinión.

*Con lugar la solicitud.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociados MacLeary, Wolf y Aldrey.