DESSÚS, PETICIONARIO Y APELADO, *v.* RICCI, INTERVENTORA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre protocolización de testamento ológrafo.

INCIDENTE sobre administración judicial.

No. 2063.—Resuelto en mayo 21, 1920.

ADMINISTRACIÓN JUDICIAL—FILIACIÓN—HEREDEROS.—El mero hecho de presentar una demanda para ser declarado hijo natural reconocido no lleva consigo como consecuencia que en efecto el demandante es tal hijo y que es heredero y no da derecho para solicitar como heredero la administración judicial de los bienes relictos al fallecimiento del supuesto padre natural, ni para ser citado o intervenir como tal heredero en dichas diligencias.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. López de Tord y Zayas Pizarro.*

Abogados del apelado: *Sres. Parra Capó y Pérez Marchand.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

A petición de José Leopoldo Dessús la Corte de Distrito de Ponce decretó la administración judicial de los bienes relictos por Angel Franceschi Gregory a su fallecimiento y dispuso que fueran citados los demás herederos, los legatarios y los acreedores y también la menor Rosalina Ricci porque tenía iniciado un pleito contra Dessús y otros en el que reclamaba su filiación como hija natural del difunto Angel Franceschi, en atención a cualquier derecho o interés que

pudiera tener en su herencia. Dicha menor tuvo interven-
ción por dos años en la administración judicial sin oposi-
ción de los interesados y en 26 de abril de 1919 presentó
moción a la corte alegando que aunque el día anterior había
desistido de su pleito, sin ser resuelto por sus méritos, ha-
bía presentado nueva demanda para que se la declarase única
heredera de todos los bienes de Franceschi y pidió le per-
mitiera continuar interviniendo en la expresada administra-
ción. Por su parte Dessús, Juan y José María Franceschi,
como herederos testamentarios, pidieron a la corte en 30 de
abril de 1919 que puesto que Rosalina Ricci había abando-
nado la demanda por virtud de la cual se había ordenado
su citación e intervención debían cesar todas las medidas que
para aseguramiento de su interés tomó la corte dentro de
la administración judicial. Después de oir la corte a los
abogados de las partes resolvió la última moción en 5 de
mayo siguiente declarándola con lugar.

También en 30 de abril, Dessús y los hermanos Fran-
ceschi se opusieron por escrito a la moción de 26 de abril
de Rosalina Ricci y habiendo sido oidos por la corte los
abogados de las partes, fué resuelta en 15 de mayo de 1919
declarando sin lugar la intervención solicitada por Rosalina
Ricci. Esta resolución y la precedente de cinco del mismo
mes fueron apeladas por la representación de Rosalina Ricci.

Ambas apelaciones pueden considerarse conjuntamente
porque las dos tienen el alcance de no permitir a la apelante
que siga interviniendo en las diligencias sobre administra-
ción judicial de los bienes de Franceschi.

No cita la parte apelante disposición legal infringida por
la corte inferior con las resoluciones apeladas, limitándose
a exponer que el mismo motivo que hubo para que la corte
le diera antes expontáneamente intervención existe ahora
después de presentar su nueva demanda; que habiendo las
otras partes consentido con sus actos aquella intervención
no pueden oponerse ahora; que no quería discutir si tenía
suficiente interés de acuerdo con la ley para esa interven-

ción toda vez que habiéndola tenido la corte como parte necesaria no podía ir ahora contra sus propios actos; que no ha tenido otro medio para asegurar la efectividad de la sentencia que recaiga en su pleito de filiación, y que, eliminada de dicho procedimiento, los demás interesados que tienen interés contrario al suyo podrán disponer de los bienes muebles sin limitación alguna, como lo han hecho quitando de la jurisdicción de la corte todos los bienes de la herencia. No resulta de los autos el hecho que sirve de base al último argumento, esto es, que el procedimiento de administración judicial haya terminado porque si así fuera sería esto motivo bastante para no resolver las apelaciones interpuestas porque su resolución carecería de fin práctico alguno.

Toda vez que la razón que tuvo la corte inferior para ordenar la citación e intervención de la apelante en la administración judicial de los bienes de Franceschi fué que tenía pendiente pleito sobre filiación contra los herederos del cual podía surgir interés en sus bienes, es indudable que terminado ese pleito por haber desistido de él la apelante inmediatamente cesó la razón de tal intervención, y si debe concedérsele otra vez la intervención será por virtud de la nueva demanda y no por los hechos anteriores a ella, ni por el consentimiento anterior de las otras partes interesadas, ni por los actos de la corte, por lo que la resolución de cinco de mayo fué acertada declarando que desistido dicho pleito había cesado la intervención que dió a Rosalina Ricci.

La cuestión que realmente debe resolverse es si la corte cometió error al negar a la apelante la intervención que pidió por razón de su nueva demanda de filiación.

No tenemos que decidir ahora por no ser materia del recurso si la corte inferior procedió correctamente la primera vez que ordenó *motu propio* la citación de Rosalina Ricci para que tuviera intervención en las diligencias de administración judicial porque la verdadera cuestión planteada por la negativa de la corte a permitir que la apelante interviniera

nuevamente en virtud de su segunda demanda es si cometió error al no acceder a tal pretensión.

Según el artículo 23 de la Ley de Procedimientos Legales Especiales los herederos tienen derecho a solicitar la administración judicial de los bienes de un finado y de acuerdo con el 26 en esas diligencias deberán ser citados el albacea, si lo hubiere, el cónyuge sobreviviente, los herederos o legatarios de parte alícuota y los acreedores convenidos si la petición de administración fué presentada por un acreedor. Rosalina Ricci no podía solicitar la administración judicial como heredera ni como tal tenía derecho a ser citada e intervenir en dichas diligencias porque mientras no se resuelva definitivamente a su favor el pleito de filiación que promovió por segunda vez no tiene el concepto legal de hija y de heredera de Angel Franceschi. El mero hecho de presentar una demanda para ser declarado hijo natural reconocido de un difunto no lleva consigo como consecuencia que en efecto es tal hijo y que es heredero y no da derecho para solicitar la administración judicial como heredero ni para ser citado e intervenir como tal heredero en dichas diligencias. Así lo resolvimos en el caso de *Rivera* v. *Cámara,* 17 D. P. R. 535; citado en el de *Sabater* v. *Escudero,* 23 D. P. R. 858. En el de *Iturrino* v. *Iturrino,* 24 D. P. R. 87, solicitó la administración judicial un hijo natural que había sido declarado tal por sentencia, mientras ésta se hallaba pendiente de apelación, y decidimos que no tenía personalidad bastante para solicitar la administración judicial de la herencia porque le está vedado mientras permanezca *sub judice* la cuestión. Si Rosalina Ricci tiene o no otros medios para asegurar la efectividad de la sentencia que pueda dictarse a su favor en su pleito sobre filiación es cuestión que no tenemos que decidir porque incumbe a su abogado.

Por los motivos expuestos las resoluciones apeladas deben ser confirmadas.

*Confirmadas las resoluciones apeladas.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.