NATIVIDAD LÓPEZ NIEVES, demandante y apelada, *v.* JOSÉ NARVÁEZ AYALA, DOMINGO RIVERA CABRERA y NATIVIDAD NARVÁEZ LÓPEZ y su esposo JOSÉ MOLINA, demandados y apelante el primero.

Núm. 7651.—*Sometido:* Diciembre 22, 1938. *Resuelto:* Julio 5, 1939.

*González Fagundo & González, Jr.*, abogados del apelante; *J. Vendrell*, abogado del apelado.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

Es un hecho incontrovertido en este caso que en el pleito núm. 20,338 Natividad López Nieves obtuvo el divorcio de su esposo José Narváez Ayala. La sentencia de divorcio fué dictada el 27 de abril de 1937 y se convirtió en firme e inapelable.

En julio 2 de 1937 Natividad López Nieves radicó una demanda en la Corte de Distrito de Humacao. En ella alegaba en efecto que la demandante acababa de enterarse de que había varias propiedades que pertenecían a la sociedad conyugal que no habían sido distribuídas. La demanda contenía tres causas de acción.

En la primera de ellas se aducía que la sociedad de gananciales era dueña de nueve cabezas de ganado que pastaban en una finca perteneciente a la sociedad, situada en el barrio Beatriz, de Caguas; de otra finca en el mismo barrio que figuraba inscrita a nombre de José Narváez Ayala y Natividad López; de otra propiedad en el barrio Borinquen, de Caguas, compuesta de 25 cuerdas y de otra en el barrio Turabo del mismo municipio. Como conclusión a la primera causa de acción la demandante sostenía que había requerido distintas veces al demandado Narváez para que procediera a la liquidación y adjudicación de los bienes de la sociedad de gananciales que tenían constituída y cuya disolución tuvo lugar por sentencia de divorcio, y el demandado se había negado a ello.

En la segunda causa de acción se mencionaba un pleito fraudulento entablado por el demandado, a virtud del cual

se privó a Natividad de otra finca que para nuestros fines es innecesario describir, especialmente en lo que se refiere a la clase de litigio y sus varios incidentes.

En la tercera causa de acción se alegaban actos fraudulentos a virtud de los cuales la demandada Natividad Narváez López aparecía adquiriendo bienes que en realidad fueron comprados con dinero perteneciente a la sociedad de gananciales.

El mismo día la demandante radicó una solicitud en la que, luego de alegar que el demandado se estaba apropiando de las rentas y frutos de las distintas fincas y vendiendo varias cabezas de ganado y que los derechos de la peticionaria serían lesionados de permitirse a Narváez que continuara en la administración de dichos bienes, se pedía a la corte designara un administrador judicial para que se hiciera cargo de los mismos y que, mientras se hallara pendiente la designación del administrador judicial, se nombrara un administrador provisional. En dicho día, es decir el 2 de julio de 1937, la corte designó a José Hernández Aponte como administrador judicial interino y le autorizó, luego de prestar fianza, a ejercer todas aquellas facultades que un administrador judicial interino puede ejercer bajo las circunstancias.

En la demanda original se hicieron partes a las personas conectadas con los actos fraudulentos. El 16 de julio comparecieron todos los demandados ante la corte y solicitaron se dejara sin efecto la orden de 2 de julio, primero, porque el administrador judicial en efecto no había prestado fianza; segundo, porque en la orden no se especificaba la cuantía de la fianza; tercero, porque suponiendo que la demandante actuara de conformidad con el artículo 182 del Código de Enjuiciamiento Civil, que autoriza la designación de un síndico, la solicitud no aducía hechos suficientes para determinar una causa de acción, y, cuarto, porque aun admitiendo que la orden de la corte designando al administrador interino estuviera bien dictada, éste no tenía derecho a tomar posesión de

bienes cuyo dominio correspondía a otras personas. El demandado también radicó una contestación a la petición principal y negó varios, si no todos, los hechos esenciales de la solicitud original.

En julio 20 de 1937 José Hernández Aponte acudió ante la corte y manifestó haber tomado posesión de algunas reses y que el demandado Narváez había procedido a sustraerle las mismas al agente del administrador; que el demandado había cogido un número de cabezas de ganado y las había llevado a la finca de Clemente González, y por esto, y quizás por otras razones, el administrador judicial interino solicitaba se castigara al demandado por desacato. El 20 de julio la corte dictó una orden para que Narváez compareciera ante ella el 23 del mismo mes a mostrar causa por la cual no debía castigársele por desacato.

Luego de celebrar una vista, la Corte de Distrito de Humacao, por los motivos especificados en la moción, dictó resolución declarando a José Narváez culpable de desacato y le sentenció a sufrir treinta días de cárcel y a otras penas alternativas. El demandado apeló.

En la Corte de Distrito de Humacao el Juez no emitió opinión ni en apoyo de la orden designando administrador judicial interino ni de la resolución castigando al demandado por desacato.

El apelante ha radicado alegato ante este tribunal, mas la apelada no ha comparecido en absoluto. El primer señalamiento de error lee así:

"*Primero*.—La corte cometió error de derecho al condenar por desacato a José Narváez Ayala porque la orden sobre nombramiento de síndico o administrador judicial interino es completamente nula, por ser contraria a los preceptos de los artículos 182 y siguientes del Código de Enjuiciamiento Civil."

■■ El apelante indica que de ordinario bajo el artículo 182 del Código de Enjuiciamiento Civil se designa un administrador judicial interino si los bienes corren riesgo de perderse; que se dejó de identificar el ganado sustraído o que el

mismo estaba en poder del demandado o de otras personas. En el alegato se sostiene que el demandado no estaba debidamente protegido por una fianza; que antes de poderse admitir una fianza y castigar a un demandado por desacato, deben cumplirse las formalidades de ley. Convenimos con el apelante, mas no nos detendremos a determinar si la fianza era o no suficiente.

También estamos contestes con el apelante·en que el nombramiento de un administrador judicial interino no es la forma que se debe seguir para incautarse de los bienes descritos en este caso. Ciertamente, conforme indica el apelante, un administrador judicial no puede tomar posesión de bienes que figuren a nombre de otros sin seguir algún procedimiento en que se ventilen en un juicio los derechos de la apelada. *Yabucoa Sugar Co.* v. *Corte de Distrito,* 36 D.P.R. 368, y *Balasquide* v. *Rossy,* 18 D.P.R. 33. Algunos de los inmuebles mencionados estaban inscritos en el registro de la propiedad.

El segundo señalamiento lee así:

"*Segundo.*—La corte cometió error al declarar culpable de desacato a José Narváez Ayala, porque, aun admitiendo que la orden fuera válida, la prueba es insuficiente y ha sido apreciada con parcialidad y pasión."

En parte por las razones expuestas al discutir el primer señalamiento y por no desprenderse que Narváez fuera jamás notificado en debida forma de sus supuestos actos delictivos, y en parte porque creemos que nadie de ordinario debe ser privado de su propiedad, ya sea ganado o lo que fuere, sin un procedimiento más formal que el seguido en este caso, convenimos con el apelante en que los hechos expuestos no establecían un caso tan extraordinario que justificara la actuación de la corte al declarar a Narváez culpable.

*La sentencia, resolución y orden apeladas deben ser revocadas y absolverse al demandado José Narváez Ayala.*

Los Jueces Presidente Sr. Del Toro y Asociado Sr. Travieso no intervinieron.