Núm. 8322.—Soto, apldo. v. Borrás, etc., apltes.—C. D. Humacao. Marzo 6, 1941.

(Por la Corte, a propuesta del Juez Asociado Sr. De Jesús.)

Por cuanto, apelado y apelante son dueños en común pro indiviso de cierta finca urbana radicada en la ciudad de Fajardo, P. R.;

Por cuanto, hallándose pendiente un pleito sobre división de dicha comunidad establecido por el apelado, solicitó éste y obtuvo en

la corte inferior, como un incidente de dicho pleito, el nombramiento de un síndico (*receiver*), para que administre la propiedad mientras se sustancia el pleito;

POR CUANTO, el apelante interpuso este recurso contra la resolución de la corte inferior que declaró con lugar la petición sobre nombramiento de síndico (*receiver*);

POR CUANTO, el apelado radicó en esta Corte una moción debidamente notificada al apelante, en la que solicita se desestime el recurso por no ser apelable la indicada resolución, habiéndose opuesto por escrito el apelante, alegando que, según él, "la resolución del Hon. Juez de Distrito de Humacao declarando con lugar la petición sobre *nombramiento de síndico* es perfectamente apelable de acuerdo con el artículo 295 del Código de Enjuiciamiento Civil de Puerto Rico y con arreglo a la jurisprudencia;

POR CUANTO, señalada la vista de la moción para desestimar comparecieron las partes, informando oralmente, argumentando el apelante que en este caso se trata del nombramiento de un administrador judicial y no de un síndico y que por consiguiente la resolución es apelable;

POR CUANTO, de los autos resulta que si bien la acción se tituló sobre "División de Comunidad—Incidente sobre Nombramiento de Administrador Judicial (Síndico)", del contexto de las alegaciones se comprende fácilmente que se trata del nombramiento de un síndico (*receiver*) de acuerdo con el apartado 1 del artículo 182 del Código de Enjuiciamiento Civil, cuya edición española traduce el vocablo "*receiver*" por "síndico" y no por "administrador judicial" como se usa en lenguaje común, siendo inmaterial esta diferencia en nomenclatura, ya que el nombre no hace a la cosa, comprendiéndolo así el propio apelante cuando en su escrito oponiéndose a la desestimación del recurso se refiere a la resolución apelada como un nombramiento de síndico;

POR CUANTO, es jurisprudencia constante de este Tribunal que una orden nombrando un síndico (*receiver*) no es apelable—*Salvá et al.* v. *Sucn. Borrás*, 8 D.P.R. 201; *Fernández* v. *Foix*, 16 D.P.R. 262; *Balasquide* v. *Rossy, Juez de Distrito*, 18 D.P.R. 33; *Gómez* v. *American Colonial Bank*, 31 D.P.R. 951; y *Marchán* v. *Fernández*, 48 D.P.R. 1012;

POR TANTO, vistos los autos y la jurisprudencia citada, se declara con lugar la moción del apelado y se desestima el recurso por falta de jurisdicción.

El Juez Asociado Sr. Travieso no intervino.