LA SUCESIÓN DE PÍO DE JESÚS, ETC., peticionarios, *v*. HON. EMILIO S. BELAVAL, JUEZ, CORTE DE DISTRITO DE SAN JUAN, y ZENAIDA MARTÍNEZ, representada por su madre con patria potestad ANA MARTÍNEZ NAVEDO, demandados.

Núm. 1593.—*Sometido:* Abril 9, 1945. *Resuelto:* Mayo 21, 1945.

*R. Rivera Zayas, G. Rivera Cestero, A. Agosto Abadía, y R. E. Calderón*, abogados de los peticionarios; *V. Géigel Polanco y C. Andréu Ribas*, abogados de la codemandada Zenaida Martínez.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

La menor Zenaida Martínez, representada por su madre natural, radicó ante la Corte de Distrito de San Juan dos demandas. En una de ellas pide se la declare hija natural

de Pío de Jesús, fallecido el día 7 de septiembre de 1944. En la otra, solicita que se declare nula la institución de herederos hecha por el testador a favor de su esposa e hijos legítimos; y còmo remedio provisional, dentro de esta segunda acción, solicitó el nombramiento de un síndico para administrar los bienes de la herencia.

Opusiéronse los herederos demandados a que se practicase prueba en relación con la moción sobre nombramiento de un síndico, alegando la improcedencia de tal nombramiento. Desestimada la oposición de los demandados, la corte inferior procedió a oír la prueba de la demandante, habiéndose negado los demandados a presentar prueba alguna, insistiendo en que como cuestión de derecho no procedía decretar la sindicatura. En marzo 13 de 1945, la corte inferior dictó su resolución declarando con lugar la petición y ordenando el nombramiento de un síndico.

Acudieron ante esta Corte los herederos demandados en solicitud de un auto de *certiorari* para la revisión y anulación de la resolución recurrida. Expedimos el auto y ordenamos a la corte recurrida y al síndico, si ya hubiere sido nombradò, que se abstuviesen de realizar gestión alguna en relación con la sindicatura, hasta nueva orden de este Tribunal.

██ La única cuestión a resolver es si la mera radicación de las referidas demandas da derecho a la parte demandante, o sea a la alegada hija natural, al nombramiento de un síndico para que se incaute de y administre y conserve bajo su custodia los bienes relictos al fallecimiento del alegado padre natural.

En el presente caso la petición para el nombramiento de un *receiver* tiene por objeto lograr lo que no podría conseguirse mediante una petición de administración judicial. Es doctrina firmemente establecida por la jurisprudencia de este Tribunal, que el demandante en un pleito de filiación, que se encuentra aún *sub judice,* no tiene derecho ni perso-

nalidad bastante para solicitar la administración judicial de la herencia, ni tiene tampoco derecho a ser citado o a intervenir en las diligencias sobre administración judical, mientras no se resuelva definitivamente a su favor el pleito de filiación.[1]

La solicitud para el nombramiento de un síndico va siempre dirigida a la sana discreción de la corte. La ley—artículo 182 del Código de Enjuiciamiento Civil, ed. 1933—concede a las cortes de distrito la facultad discrecional necesaria para nombrar un síndico en los casos específicamente enumerados en el citado artículo. En éste se dispone expresamente que el nombramiento podrá hacerse "mediante solicitud del demandante o de cualquiera parte, cuyo derecho o interés en dichos bienes o fondos o productos de los mismos sea presumible, siempre que se probare que los bienes o fondos corren peligro de perderse, trasladarse o sufrir daños de consideración". La facultad concedida al tribunal inferior no es para ser ejercitada arbitrariamente. Para que el nombramiento de un síndico pueda ser sostenido es necesario que concurran en el caso todas las circunstancias y hechos necesarios para justificar el ejercicio de esa discreción judicial.

La administración judicial de los bienes de un finado puede pedirla el albacea testamentario. Si no se hubiere designado el albacea o si el finado hubiese muerto intestado, entonces podrá solicitar la administración el cónyuge supérstite o cualquier heredero forzoso, o cualquier heredero testamentario o legatario o cualquier acreedor con título escrito no asegurado que tuviere algún crédito contra el finado. El artículo 556 del Código de Enjuiciamiento Civil provee, además, que en la petición deberá hacerse constar bajo juramento "el interés y derecho de acción del peticionario".

---

[1]*Puente et al.* v. *Puente et al.,* 16 D.P.R. 582; *Rivera* v. *Cámara,* 17 D.P.R. 528; *Sabater* v. *Escudero,* 23 D.P.R. 854, 858; *Iturrino* v. *Iturrino,* 24 D.P.R. 78, 87; *Ricci* v. *Sepúlveda, Juez,* 25 D.P.R. 911; *Morales, Administrador,* v. *Dessús,* 27 D.P.R. 523, 527; *Dessús* v. *Ricci,* 28 D.P.R. 481, 484.

Interpretando ese artículo, esta Corte Suprema ha resuelto repetidamente que el demandante en un pleito de filiación no tiene derecho a solicitar la administración judicial.

Cuando la corte inferior dictó la resolución recurrida, ninguna de las dos demandas radicadas a nombre de la menor había sido contestada. La de filiación no se basa en el reconocimiento de la paternidad de la menor por documento auténtico o fehaciente, otorgado por el alegado padre natural. Se basa en alegados actos de reconocimiento por parte del finado Pío de Jesús, tales como el haber prodigado atenciones, medicinas y ropa a la madre de la menor durante el embarazo y haber visitado y acariciado a la niña, llamándola "mi hija". No basta alegar esos hechos, para que el derecho o interés de la demandante en los bienes hereditarios sea presumible y para justificar el nombramiento de un síndico.

Es indudable que dentro de los hechos y circunstancias del presente caso, y de acuerdo con la jurisprudencia citada, la reclamante del status de hija natural de Pío de Jesús no tendría derecho o personalidad suficiente para solicitar y obtener la administración judicial del caudal hereditario. Ese derecho y personalidad solamente podrá adquirirlo mediante sentencia firme y definitiva reconociendo su condición de hija natural del finado. No vemos razón alguna por la que debamos resolver que una persona que no tiene derecho a solicitar la administración judicial de los bienes de un finado, lo tiene para solicitar el nombramiento de un síndico de esos mismos bienes, siendo el propósito de uno y otro remedio la conservación de los bienes para beneficio de aquellas personas que tienen un interés reconocido o presumible en dichos bienes.

El nombramiento de un síndico en circunstancias como la del presente caso, constituiría un precedente peligroso y haría posible que ese remedio extraordinario fuese utilizado por personas poco escrupulosas para realizar actos de chan-

taje, obstaculizando la tramitación de los procedimientos hereditarios y la repartición de la herencia, con sólo radicar una demanda de filiación y conseguir el nombramiento de un síndico. Las partes perjudicadas no tendrían recurso alguno contra el promovente de la sindicatura, pues éste no estaría obligado a prestar fianza para responder de los daños que pudiera causar, en el caso de que la demanda de filiación no prosperase. La fianza prestada por el síndico garantiza el fiel cumplimiento por dicho funcionario de los deberes de su cargo, pero no protege a los interesados en la herencia contra los daños y perjuicios que pueda causarles una sindicatura injustificada.

El caso de *Balasquide* v. *Rossy,* 18 D.P.R. 33, invocado por la representación de la menor y en el cual basó su resolución el tribunal recurrido, puede distinguirse fácilmente del de autos. La solicitud *ex parte* para el nombramiento de un síndico se presentó en el caso de *Balasquide,* después de haber obtenido el demandante una sentencia a su favor por la cual se le declaraba hijo natural del finado Ramón Balasquide Gómez y mientras el caso se encontraba pendiente en apelación ante el Tribunal Supremo. Este Tribunal resolvió que de acuerdo con los incisos 2 y 3 del artículo 182 del Código de Enjuiciamiento Civil, podrá nombrarse un síndico "después de la sentencia, para dar cumplimiento a la misma" o "para disponer de los bienes de acuerdo con la misma", o "para conservarlos mientras se resuelve una apelación"; y revocó la resolución recurrida, por haber sido dictada sin haber oído a ambas partes y sin que la corte tuviera ante sí los hechos demostrativos de la necesidad del nombramiento de un síndico y de que no existía un remedio legal más adecuado para asegurar la conservación de las propiedades. En el presente caso, como ya hicimos constar, ni siquiera se había contestado ninguna de las dos demandas cuando se decretó la sindicatura. La corte inferior, sin tener en cuenta que en el caso de autos no se había dictado aún sentencia a

favor de la menor demandante, creyó erróneamente que cumplía con la regla sentada en el caso de *Balasquide* con sólo oír prueba tendiente a demostrar la necesidad de nombrar un síndico.

*Por las razones expuestas somos de opinión que la corte inferior carecía de autoridad para dictar la resolución recurrida, la cual debe ser anulada. El caso será devuelto a la corte de su procedencia para ulteriores procedimientos no inconsistentes con esta opinión.*