JESÚS DÍAZ MASS, peticionario, EX PARTE; ANTONIO FRONTERA RAMOS y ONESTA OSTOLOZA FEO, interventores y apelantes.

Núm. 9172.—*Sometido:* Diciembre 12, 1945. *Resuelto:* Febrero 13, 1946.

*Pedro E. Anglade,* abogado de los apelantes; *Agustín E. Font,* abogado del Albacea testamentario; *L. Mercader,* abogado del ex Administrador Judicial; *Pedro Santos Borges* y *Antonio Reyes*

*Delgado, Diego E. Ramos* y *José D. Rodríguez,* abogados de las demás partes interesadas.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

La presente es una apelación de una orden de la corte de distrito de Arecibo declarando sin lugar una moción de los apelantes para intervenir en la administración judicial de los bienes relictos en la muerte de un matrimonio. La moción de intervención alegaba que los peticionarios habían radicado una demanda enmendada en la corte de distrito de Ponce contra las sucesiones de los finados y contra otra persona, solicitando en la misma (1) la nulidad de un procedimiento ejecutivo sumario sobre ciertos terrenos, (2) la entrega a los demandantes de dichos terrenos, radicados en el distrito de Ponce, y (3) los frutos de dichos terrenos, que se alegaba ascendían a $95,000, costas y honorarios de abogado. La súplica de la moción de intervención era que la corte de distrito de Arecibo, de los bienes a ser distribuídos entre los herederos, retuviera bienes o dinero suficientes para satisfacer su reclamación por los frutos en el pleito de Ponce.

██ En una opinión *per curiam* ya hemos resuelto, al declarar sin lugar una moción para que se desestimara este recurso, que es apelable la resolución de la corte de distrito denegando la moción de intervención. *Rivera* v. *Rivera,* 56 D.P.R. 205. En los méritos, los apelantes basan su caso en la Regla 24(a)(3) de nuestras Reglas de Enjuiciamiento Civil al efecto de que cualquier persona tendrá derecho a intervenir en una acción "cuando el derecho del solicitante pudiere resultar adversamente afectado por una distribución o cualquier otra disposición de la propiedad que se hallare bajo la custodia de la corte o de un oficial de la misma".[1]

La Regla 24(a)(3), que se copió de las Reglas Federales

---

[1] Asumimos, sin decidirlo, que en un procedimiento de administración judicial radicado de conformidad con la Ley de Procedimientos Legales Especiales, artículos 534–597 del Código de Enjuiciamiento Civil, ed. 1933, el derecho a intervenir lo rige la Regla 24(a)(3).

de Enjuiciamiento Civil, si bien un poco más amplia en su lenguaje que el artículo 72 del Código de Enjuiciamiento Civil, es sustancialmente igual al artículo 72, por lo menos a los fines del problema ante nos.(2)   2 Moore's *Federal Practice,* sección 24.08, págs. 2338-50; *Proceedings, Washington Institute on Federal Rules,* pág. 67.

Al interpretar el artículo 72 este Tribunal ha sido liberal, resolviendo, por ejemplo, que en el caso de que exista un embargo de bienes para garantizar la efectividad de una sentencia, un tercero puede intervenir para reclamar los bienes, no obstante el hecho de que el remedio adecuado, el procedimiento de tercería, también exista bajo tales circunstancias. *Vélez* v. *Corte Municipal,* ante, pág. 589, y casos allí citados; *Reyes & Pagán* v. *Corte de Distrito,* 52 D.P.R. 654. Pero aún en dichos casos el interventor tiene un interés en el propio objeto en litigio: los bienes embargados.

Por otro lado, en el presente caso los interventores no tienen interés en la administración judicial propiamente dicha. Tienen la esperanza de obtener eventualmente una sentencia personal por frutos contra los herederos, en una reclamación en el pleito de Ponce que no guarda relación alguna con los problemas de distribuir entre los herederos las herencias de los fenecidos. Nada tienen que perder o ganar de cualquier actuación de la corte de distrito de Arecibo en el procedimiento de administración judicial. Bajo dichas circunstancias, no cumplen con el requisito del artículo 72 y de la Regla 24(*a*)(3). *Lessesne, etc.* v. *P. R. Drug Co.,* 39 D.P.R. 942; *A. Méndez y Hno.* v. *Chavier,* 39 D.P.R. 731; *Bechtel* v. *Axelrod,* 125 P.2d 836 (Calif. 1942); 20 Calif. Jur. sección 25, págs. 520-22.(3)

---

(2) El artículo 72 dice en parte como sigue: "Cualquiera persona antes de la celebración del juicio podrá intervenir en una acción o procedimiento, si tuviere interés en el asunto en litigio, en el éxito de cualquiera de las partes, o algún derecho en contra de ambas."

(3) Si bien no es exactamente de aplicación, recientemente hemos resuelto en una situación análoga que "Es doctrina firmemente establecida por la jurisprudencia de este Tribunal, que el demandante en un pleito de filiación, que se

■ Nada decimos sobre la cuestión de si los apelantes pueden obtener de la corte de distrito de Ponce una orden de embargo después de prestar la correspondiente fianza, y de conformidad con la misma embargar, *con el permiso de la corte de distrito de Arecibo,* el interés de los herederos en el dinero y en los bienes que, en manos del administrador judicial, están en *custodia legis.* Sólo resolvemos que la corte de distrito no erró al negarle permiso a los apelantes para intervenir en el procedimiento de administración judicial propiamente dicho bajo las circunstancias que aquí concurren.

*La orden de la corte de distrito será confirmada.*

encuentra aun *sub judice,* no tiene derecho ni personalidad bastante para solicitar la administración judicial de la herencia, ni tiene tampoco derecho a ser citado *o a intervenir en las diligencias sobre administración judicial* mientras no se resuelva definitivamente a su favor el pleito de filiación.'' *Sucesión de De Jesús* v. *Corte de Distrito,* 65 D.P.R. 1, 2, 3. (Bastardillas nuestras.)