DÍAZ ET AL., PETICIONARIOS Y APELADOS, *v.* CIVIDANES, OPOSITOR Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Guayama en procedimientos de administración judicial.

No. 1399.—Resuelto en mayo 16, 1916.

ADMINISTRACIÓN JUDICIAL—NOMBRAMIENTO DE ADMINISTRADOR—CÓNYUGE VIUDO—PREFERENCIA EN EL NOMBRAMIENTO—MEDIDAS PROVISIONALES EN CASOS DE AUSENCIA—VIUDA.—Si bien la redacción del artículo 31 de la Ley de Procedimientos Legales Especiales es algo confusa, debe concluirse que establece una preferencia a favor del cónyuge viudo en cuanto al nombramiento de administrador de la herencia, preferencia que no sólo está conforme con los precedentes legales españoles, si que también con los ingleses y americanos, y además es armónica con las disposiciones del Código Civil vigente, artículos 94 y 932, relativas a las medidas provisionales que deben tomarse en casos de ausencia y a las precauciones que deben adoptarse cuando la viuda queda en cinta.

ID.—PREFERENCIA A FAVOR DEL CÓNYUGE VIUDO—DISGUSTOS CON LOS DEMÁS HEREDEROS—OBSTÁCULOS INSUFICIENTES—FIANZA—CUENTAS DE LA ADMINISTRACIÓN—SUPERVISIÓN DEL JUEZ.—La preferencia a favor del cónyuge viudo no es, sin embargo, tan indiscutible, que deba siempre prevalecer cuando existan razones poderosas que hagan necesario nombrar administrador a otra persona; pero meros disgustos con los demás herederos que puedan traer como consecuencia algunos obstáculos y entorpecimientos, no son bastantes para excluir al viudo de la administración de la herencia cuando su capacidad y honradez como en este caso son reconocidas y cuando su gestión quedará además garantida por la fianza que preste, por las cuentas que rinda y por la supervisión que sobre él ejerza la propia corte que lo nombre.

Los hechos están expresados en la opinión.

Abogados de los peticionarios: *Sres. Tomás Bernardini de la Huerta y Jorge V. Domínguez.*

Abogados del opositor: *Sres. Miguel Zavaleta, C. Domínguez Rubio y Eduardo Acuña.*

El Juez Asociado Sr. del Toro emitió la opinión del tribunal.

El presente es un caso sobre administración judicial.

El 18 de mayo de 1915 María Hortensia, María Isolina y Pastor Díaz y Molinaris presentaron una petición jurada por el último. a la Corte de Distrito de Guayama solicitando la administración judicial de los bienes de Doña Rufina Molinaris, madre de los peticionarios, fallecida el 3 de julio de 1914 sin haber otorgado disposición testamentaria. A la petición se acompañó el acta de defunción de la Señora Molinaris.

El 20 de mayo de 1915 se retiró como peticionario Pastor Díaz y la corte lo tuvo por retirado. El mismo día se ordenó por la corte la citación del cónyuge sobreviviente y de los herederos de la finada y acreedores de la herencia para una junta que debía celebrarse el 26 del propio mes para tratar del asunto.

En dicho día comparecieron los peticionarios por su abogado; el cónyuge sobreviviente por el suyo, y el otro heredero, Pastor Díaz, también por su abogado. Según la petición dichos comparecientes constituían todos los herederos de la Señora Molinaris. Se leyó la solicitud, el heredero Pastor Díaz manifestó que nada tenía que oponer a que se concediera la administración solicitada, y el cónyuge viudo, por su abogado, admitió como ciertos los hechos alegados en la petición y manifestó que se oponía a la administración a menos que se le nombrase como administrador.

Con tales antecedentes como base, la corte, el mismo día 26 de mayo de 1915, declaró que "apareciendo existir razones suficientes para que la corte no ejercite su discreción nombrando al cónyuge sobreviviente, o a alguno de los interesados en la herencia," designaba administrador a Rafael Palés Díaz, previa prestación de una fianza por la suma de $15,000.

El 28 del mismo mes y año, Cividanes, el cónyuge sobre-

viviente, pidió a la corte que reconsiderara su orden del 26. La corte declaró en suspenso dicha orden y otra vez, el 8 de junio de 1915, comparecieron las mismas partes ante ella y discutieron el caso practicándose algunas pruebas. Finalmente la corte, el 9 de junio de 1915, ratificó su anterior resolución. Y contra esa resolución de la corte interpuso Cividanes el presente recurso de apelación.

A los efectos de fijar bien los términos de la cuestión que se debate en el recurso, transcribiremos en lo que sea pertinente, la resolución apelada. Después de narrar los hechos, el juez sentenciador se expresa así:

"Antes de discutir la cuestión de hecho, discutiremos la cuestión de derecho planteada por el abogado del Sr. Cividanes, consistente en que de acuerdo con el artículo 31 de la Ley de Procedimientos Legales Especiales debía la Corte nombrar el cónyuge superviviente. Este artículo dice como sigue:

" 'El día y hora señalados en la citación y después de oir personalmente, por medio de sus abogados a las partes que hubieran comparecido, nombrará el juez un administrador: (*a*) Podrá nombrar al cónyuge superviviente si tuviere la capacidad necesaria para desempeñar el cargo; (*b*) podrá nombrar a la persona con mayor interés en la herencia o sucesión, si tuviere la capacidad necesaria para desempeñar el cargo; (*c*) y si no la tuviere (ni uno ni otro) o si todos fueren igualmente interesados; (*d*) o se presentaren objeciones a tal nombramiento (después de hecho), designará el juez un extraño de reconocida honradez y capacidad.'

"Para la mejor interpretación de este artículo, lo hemos analizado descomponiéndolo en sus diferentes partes para que se pueda apreciar realmente la intención del legislador. No hay duda alguna que éste quiso dejar a la discreción y mejor juicio de la corte la persona que había de ser nombrada, para ejecutar un cargo, que ha de ser la continuación del poder de la corte delegado en él para que administre los bienes. Se verá que dicha sección autoriza al juez a nombrar al cónyuge superviviente o a la persona con mayor interés en la herencia o sucesión, si a juicio de la corte, tuviera la capacidad necesaria para desempeñar el cargo; pero puede darse el caso que no la tuviese y véase que la ley habla en singular, refiriéndose, por tanto, a un solo administrador, o si todos fueran igualmente interesados, es decir, las personas que componen la sucesión, o si hecho el nombramiento por

la corte recayese en el cónyuge sobreviviente o en la persona con mayor interés en la herencia y se presentaren objeciones a tal nombramiento designará el juez un extraño de reconocida honradez y capacidad. De modo que la corte debe apreciar las condiciones todas de las personas que enumera la ley, para designar el administrador. Y es natural que así sea toda vez que la corte que ha de intervenir en la administración es la que está más en contacto con las partes, tiene necesariamente que conocer mejor las relaciones que existen entre los diferentes herederos y puede apreciar mejor la persona que ha de desempeñar el cargo más a satisfacción.

"De la prueba practicada, no hay duda alguna que la capacidad del Sr. Cividanes como administrador no puede ser discutida, pero no obstante no debe ser nombrado por la corte porque sus relaciones con los herederos y condueños son tales, que daría lugar a divergencias que obstaculizarían la buena marcha de la administración y la . eficacia de los trámites y órdenes de la corte. La persona con mayor interés en esta herencia no puede ser nombrada, por ser una señora, que estaría imposibilitada de llevar a cabo el trabajo que la misma requiere. Y mereciendo a la corte la más absoluta confianza el candidato propuesto por los herederos de Doña Rufina Molinaris, o sean los peticionarios en este procedimiento y siendo una persona de reconocida honradez y capaz para efectuar los trabajos de la administración, resuelve la corte que debe nombrar y nombra a Don Rafael Palés Díaz, administrador judicial de los bienes de Doña Rufina Molinaris, con las mismas condiciones, obligaciones y fianza que aparecen en la orden de esta corte de 26 de mayo de 1915."

El apelante en su alegato señala la comisión de siete errores. A nuestro juicio, basta estudiar y resolver uno solo de ellos, el que hace referencia a si debió o no ser nombrado como administrador en este caso el cónyuge viudo.

La ley aplicable es la invocada por el juez sentenciador, o sea el artículo 31 de la Ley de Procedimientos Legales, Especiales, que copiado textualmente es como sigue:

"El día y hora señalados en la citación y después de oir personalmente o por medio de sus abogados, a las partes que hubieren comparecido, nombrará el juez un administrador. Podrá nombrar al cónyuge sobreviviente, o a la persona con mayor interés en la herencia o sucesión, si tuviere la capacidad necesaria para desempeñar el cargo; y si no la tuviere, o si todos fueren igualmente interesados, o se pre-

sentaren objeciones a tal nombramiento, designará el juez un extraño de reconocida honradez y capacidad.''

· Para interpretar debidamente el precepto de ley que hemos transcrito, debemos estudiar sus precedentes. Escriche, en su Diccionario Razonado de Legislación y Jurisprudencia, edición de 1876, al tratar de las disposiciones sobre el juicio de testamentaría voluntario, se expresa así:

''3ª. Se nombrará administrador al viudo o viuda, y en su defecto al interesado que tuviere mayor parte en la herencia, si reúne, a juicio del juez, la capacidad necesaria para desempeñarla. (Aunque la letra de esta disposición parece referirse respecto de la incapacidad para administrar a sólo los herederos, es opinión que debe aplicarse también respecto del cónyuge, no pudiendo obtener el nombramiento para administrar, el cónyuge que adolece de aquella falta. Otros intérpretes opinan que no debe excluir de aquel cargo dicha falta, pudiendo en tal caso ser representado por un curador.)'' 4 Escriche, 1085.

La Ley de Enjuiciamiento Civil reformada para las islas de Cuba y Puerto Rico de 1885, al tratar de la prevención del abintestato, en su artículo 975 dispone que:

''En estos casos, si hubiere cónyuge sobreviviente que habitare en compañía del finado, se le nombrará depositario administrador, y a medida que se pueda formar el inventario de los bienes, le serán entregados en dicho concepto, levantándose sucesivamente las llaves y sellos conforme se vaya verificando la entrega.

''No se le exigirá fianza cuando a juicio del juez, tenga bienes propios suficientes para responder de los que no le pertenezcan. Si no los tuviere, deberá prestarla en la cantidad que el juez determine.

''No habiendo cónyuge sobreviviente con capacidad legal para administrar los bienes, se dará dicho cargo a otra persona y se practicará lo prevenido en los artículos 966 y 967.''

Comentando Manresa el artículo 976 de la Ley de Enjuiciamiento Civil de la Península, igual al 975 que dejamos transcrito de la Ley de Cuba y Puerto Rico, dice:

''Tenemos por indudable que debe aplicarse también a estos casos la disposición del artículo 976, de suerte que ya sea a instancia de parte, ya de oficio, la prevencion del abintestato, siempre que haya cónyuge sobreviviente que viviera en compañía del finado, debe ser

nombrado depositario administrador de los bienes.'' 4 Manresa, Enjuiciamiento Civil, 307.

No puede negarse que la redacción del artículo 31 de la Ley de Procedimientos Legales Especiales es algo confusa, pero si dicho artículo se examina cuidadosamente se verá que establece una preferencia a favor del cónyuge viudo en cuanto al nombramiento de administrador.

Esa preferencia no sólo está conforme con los precedentes legales españoles que hemos invocado, si que también con los ingleses y americanos que se encuentran claramente expuestos en *Ruling Case Law* en el artículo titulado *''Priorities in Right of Administration.''* Véase 11 R. C. L. 34 y siguientes. Además es harmónica con las disposiciones del Código Civil vigente relativas a las medidas provisionales que deben tomarse en caso de ausencia y a las precauciones que deben adoptarse cuando la viuda queda en cinta. Véanse los artículos 94 y 932 del Código Civil Revisado.

Desde luego que al reconocer la preferencia a favor del cónyuge viudo, no opinamos que sea tan indiscutible que deba siempre prevalecer, porque pudiera darse el caso de existir razones tan poderosas que fuera necesario nombrar administrador a otra persona.

En su resolución la Corte de Distrito de Guayama consigna que la capacidad del cónyuge viudo en este caso no puede ser discutida, pero eso no obstante concluye que no debió ser nombrado administrador porque sus relaciones con los herederos eran tales que darían lugar a divergencias que obstaculizarían la buena marcha de la administración.

La prueba practicada demostró que las relaciones amistosas entre los hijos del primer matrimonio de la Señora Molinaris, a saber, las peticionarias y Pastor Díaz, y el cónyuge sobreviviente del segundo matrimonio, Cividanes, no eran buenas y que hubo desacuerdos y disgustos con motivo de un ganado perteneciente a la herencia que los dichos hijos creían que debía enviarse fuera de la finca en donde estaba, según ellos, expuesto a morir de hambre por razón de la se-

·quía, y el cónyuge sobreviviente que estimaba que debía permanecer en donde se encontraba.

Con respecto a los disgustos existentes, se declaró que surgieron con motivo de la cuestión del ganado y de las gestiones judiciales de los herederos sobre administración de la herencia, pero no se consignó ningún hecho concreto demostrativo de que se trate de algo grave que pueda incapacitar al viudo para el ejercicio del cargo de administrador. Tampoco se demostró que se confirmaran en modo alguno los temores de los herederos con respecto al riesgo que según ellos se hizo correr al ganado por el cónyuge viudo que lo tenía a su cargo.

De los razonamientos consignados en la opinión de la corte sentenciadora se observa que el juez actuó influído por su idea de que tenía una discreción absoluta en casos de esta naturaleza. Para él no existía la clara preferencia que nosotros hemos señalado a favor del cónyuge viudo. De tal modo se concibe que estimara bastantes las objeciones presentadas. A nuestro juicio no lo son, porque ellas constituyen meras probabilidades de disgustos y de obstáculos insuficientes para excluir de la administración al viudo cuya capacidad y honradez fueron reconocidas por la misma corte y cuya gestión quedará garantida además por la fianza que preste, por las cuentas que rinda y por la supervisión que sobre él ejerza la propia corte que lo nombre.

Habiéndo llegado a la anterior conclusión, cae por su base la resolución apelada. En tal virtud, procede la revocación de la orden recurrida y la devolución del caso a la corte de su origen para ulteriores procedimientos de conformidad con los principios establecidos en esta opinión.

*Revocada la resolución apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

El Juez Asociado Sr. Hutchison firmó "conforme con la sentencia."