Morales, Administrador Judicial, Demandante y Apelante, *v.* Dessús, Demandado y Apelado.

Apelación procedente de la Corte de Distrito de Ponce en pleito sobre cobro de dinero.

No. 1913.—Resuelto en junio 13, 1919.

Testamento—Heredero—Pago de Servicios.—El hecho de que una persona declare heredero a un extraño de la tercera parte de sus bienes, no impide que el mismo testador, en otro documento, traspase a dicho extraño cierto crédito en pago de servicios que el extraño le prestara.

Servicios Personales—Importe Razonable y Pago de los Mismos.—A. soltero sin herederos forzosos, dueño de cuantiosos bienes de fortuna de los cuales dejó una buena parte a sus sobrinos, tuvo a su servicio, sin pagarle sueldo, a B. durante cincuenta años. Finalmente resolvió liquidar con él y le traspasó un crédito de treinta mil pesos. B. aceptó y percibió el importe del crédito. Muerto A., el administrador judicial de su herencia impugnó el traspaso. Las pruebas demostraron la existencia real de los servicios y se decidió que el traspaso era válido.

Intervención.—El simple hecho de que una persona inicie un pleito para que se le reconozca como hijo natural de otra, no autoriza al demandante para intervenir como tal hijo en otro pleito iniciado por el administrador judicial nombrado a la muerte del alegado padre, porque su condición de hijo no consta aun reconocida en forma auténtica y fehaciente.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José Tous Soto.*

Abogados del apelado: *Sres. Parra y Pérez Marchand.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Antonio Morales Lebrón, como administrador judicial de

la herencia de don Angel Franceschi, entabló una demanda en la Corte de Distrito de Ponce contra José Leopoldo Dessús en cobro de treinta mil dólares. En la demanda se alegaron substancialmente los siguientes hechos: que Franceschi era acreedor de la Sucesión Serrallés por la suma de $30,000; que vencida la deuda, el acreedor concedió un nuevo plazo al deudor y pidió y obtuvo que en el nuevo documento otorgado apareciera como acreedor Dessús "con el fin de que éste se entendiera en el cobro del citado pagaré, a su vencimiento, y le entregara el montante del mismo"; que Franceschi murió, y que prevalido Dessús de la sustitución indicada, cobró y aplicó a su propio beneficio los treinta mil dólares.

El demandado admitió en su contestación que Franceschi fué acreedor de la Sucesión Serrallés por la suma especificada, pero negó que la sustitución se hiciera en la forma alegada por el demandante, y a su vez alegó que con anterioridad al vencimiento de la obligación, Franceschi y el demandado convinieron en que el primero cedería al segundo el valor y montante de dicha obligación en pago de servicios prestados por el demandado a Franceschi, y que dueño del crédito, lo cobró en efecto para sí a su vencimiento.

Trabada de tal modo la contienda, se celebró la vista en la que ambas partes presentaron prueba, y la corte dictó finalmente sentencia declarando la demanda sin lugar. Y contra esa sentencia fué que se interpuso el presente recurso de apelación.

Todo se reduce en este pleito a una cuestión de prueba. No hay discusión con respecto a la existencia del crédito y al hecho de que fué cobrado por Dessús. Tampoco la hay con respecto a que la deuda constaba en un pagaré expedido a favor de Dessús. La controversia consiste en que el demandante sostiene que Franceschi siguió siendo dueño del crédito hasta su muerte, correspondiendo hoy su propiedad a sus herederos, y el demandado sostiene que Franceschi le tras-

mitió legalmente la propiedad del crédito en pago de servicios
que le había prestado.

Hemos examinado cuidadosamente la prueba y a nuestro
juicio justifica la sentencia dictada.

En el acto de la vista presentó el demandante dos testa-
méntos ológrafos otorgados por Franceschi, uno en 1877 y
otro en 1895 con una nota aclaratoria puesta en 1898. Fran-
ceschi murió en Juana Díaz, P. R., en 1916. El primer testa-
mento es muy interesante para penetrar en la verdad de este
caso. Es corto y copiado textualmente dice así:

"Yo, el abajo firmado, declaro que a mi muerte la casa material
que poseo en el vecino pueblo de Juana Díaz como también la tienda
de mercería que hay en ella, y que se halla al frente el joven Leo-
poldo Dessús, quiero que se le adjudique como propiedad legítima
sin tener que darle cuenta a nadie pues se halla desempeñada com-
pletamente, encargo también a todas las autoridades y a mis her-
manos en particular que bajo ningún pretexto tengan que molestar
ni pedir cuenta al joven Leopoldo Dessús, poseedor de la casa y
tienda, pues religiosamente le soy deudor de esa cantidad y mucho
más pues hace muchos años que se halla a mis servicios. Y para que
tenga el competente valor como si fuese hecho por Escribano Real,
firmo el presente en la Ciudad de Ponce, a los veinte días del mes
de octubre de mil ochocientos setenta y siete.—(Firmado) Angel
Franceschi."

Dicho testamento fué sustituído por el de 1895, bajo el
cual murió Franceschi. En él el testador expresa su volun-
tad de que sus bienes sean divididos en tres partes iguales
y así repartidos entre sus herederos que nombra, a saber:
José Leopoldo Dessús, y sus sobrinos Juan y José María
Franceschi, residentes en Córcega, Francia.

Por medio de documentos solemnes otorgados por Fran-
ceschi conocemos, pues, en cuánto apreciaba los servicios que
le había prestado el demandado. Hace más de cuarenta años
consignó que religiosamente le era deudor de las sumas que
representaban los bienes especificados en el primer testa-
mento "y mucho más pues hace muchos años" (esto se es-
cribía en 1877), "que se halla a mis servicios."

De la prueba testifical aportada por el mismo demandado se deduce que mientras subsistió el establecimiento mercantil, Dessús continuó de dependiente en él, y cuando Franceschi ya viejo y medio ciego se retiró a su hogar, a su lado constantemente estuvo el demandado asistiéndole y sirviéndole hasta el momento de su muerte.

También presentó el demandante cierta prueba documental que demuestra que requerido Dessús para que entregara al administrador judicial los bienes dejados a su fallecimiento por Franceschi, entre otros entregó treinta mil dólares en efectivo que existían en la caja del finado.

La prueba del demandado es convincente. Consiste en la declaración de tres testigos, Francisco María Franceschi, hermano de Angel, Ermelindo Zalazar, Director Gerente del Crédito y Ahorro Ponceño, y el propio demandado. El hermano se muestra perfectamente enterado del traspaso del crédito y el traspaso se hizo con la intervención del gerente de la indicada institución bancaria. Dessús, bajo juramento, en la silla del testigo, sostiene lo alegado en la demanda y lo explica.

Se argumenta por el apelante que desprendiéndose de la evidencia que Franceschi era un avaro, no se concibe su liberalidad para con Dessús. No estamos conformes. Franceschi acumuló un capital y al parecer vivía muy modestamente. Nunca contrajo matrimonio. No tenía herederos forzosos. Dessús vivió con él, trabajó con él, fué su empleado, su sirviente, su amigo. No tuvo nunca asignado un sueldo fijo por su trabajo. Sus servicios duraron alrededor de cincuenta años. Nada reclamó. Nadie estaba en mejores condiciones que Franceschi para apreciar el justo valor de aquella dedicación completa de lo mejor de una vida al beneficio suyo. Y Franceschi procedió correctamente. El traspaso del pagaré representa el pago de los servicios materiales. La declaración de heredero y la asignación de la tercera parte de su herencia, representa la gratitud y el

aprecio no ya de servicios materiales, sino de acciones bondadosas. La prueba de una simpatía sentida, el ejercicio voluntario de una facultad que no hay derecho ni a investigar, ni a coartar en un caso como el presente. No vemos que exista incompatibilidad alguna entre ambos actos.

Hemos dicho que Franceschi no tenía herederos forzosos. Sin embargo, deseamos hacer constar que forma parte de los autos una solicitud de intervención presentada a nombre de la menor Rosalina Ricci, que fué denegada por la corte de distrito. La solicitud se basaba en que se había iniciado un pleito a nombre de la dicha menor pidiendo que fuera declarada hija natural reconocida de Angel Franceschi. La demanda en dicho pleito se presentó en enero de 1917 y fué excepcionada y contestada solicitando que fuera declarada sin lugar. No consta qué sentencia se dictó, si alguna se ha dictado en el asunto, pero es conveniente hacer notar que éste pleito sobre cobro de dinero no se falló hasta abril de 1918 y no aparece que la menor volviera a gestionar su intervención en el mismo.

La resolución de la corte fué correcta porque habiéndose simplemente entablado una demanda pidiendo el reconocimiento, no constando éste en forma auténtica y fehaciente, no podía otorgarse a la menor el derecho a intervenir con el carácter de hija natural reconocida en este pleito. *Ricci v. Sepúlveda, Juez de Distrito, Ponce.* 25 D. P. R. 911.

No tiene fuerza alguna, a nuestro juicio, la contención del apelante de que la corte de distrito infringió el artículo 1247 del Código Civil que, en su último párrafo dice:

"También deberán hacerse constar por escrito, aunque sea privado, los demás contratos en que la cuantía de las prestaciones de uno o de los dos contratantes exceda de 300 dollars."

En este caso existe el pagaré. Tal documento, hablando por sí mismo, dice que los treinta mil pesos de que se trata se debían al demandado. Y a los efectos de penetrar en el origen del traspaso, pudo presentarse y admitirse prueba

testifical sin violar el precepto contenido en el artículo 1247. Para así sostenerlo nos basta referirnos a la jurisprudencia sentada por esta corte en el caso de *Cintrón* v. *Fernández,* 22 D. P. R. 483.

Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.

> *Declarado sin lugar el recurso, y confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.