Víctor, Rosario, Anastasia, Beatriz, Casimira, Antolina, Estanislada y Gregorio Jaca Lassalle, peticionarios, *v.* Corte de Distrito de San Juan, Hon. Pablo Berga, Juez, demandada.

Núm. 1151.—*Sometido:* Julio 26, 1938. *Resuelto:* Julio 28, 1938.

A. *Casanova Prats,* abogado de los peticionarios; *Damián Monserrat, Jr.,* abogado de la parte contraria en el pleito que dió lugar al *certiorari.*

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Víctor Jaca alegando ser uno de los herederos de Bartolomé Jaca, fallecido en Río Piedras en febrero 3, 1938, sin otorgar testamento, pidió a la Corte de Distrito de San Juan que decretara la administración judicial de sus bienes.

Accedió la corte tomando ciertas medidas previas y nombrando administrador a J. J. Fuertes el diez del propio mes de febrero último, fijando la fianza a prestar por el mismo en diez mil dólares.

Siguió el procedimiento desenvolviéndose hasta que en julio 7, 1938, la corte aprobó un convenio de "el peticionario y todos sus hermanos en este caso" y ordenó al administrador

que les hiciera entrega de diez dólares mensuales a cada uno a partir de marzo, 1938, y que así continuara en adelante.

Esta orden dió lugar a que comparecieran en el procedimiento Rafael y Ramona Expósito quienes alegando ser hijos naturales de Bartolomé Jaca y tener iniciado un pleito para acreditar su filiación, pidieron a la corte que dejara sin efecto su dicha orden de julio siete. Solicitaron señalamiento de día y hora para la vista de su moción.

La corte señaló en efecto la vista para julio veinte y dos y ordenó al Administrador que hasta nueva orden suspendiera la entrega de los diez dólares mensuales a los hermanos Jaca que son ocho. Pidieron éstos a la corte que decretara la eliminación de las mociones de los Expósito y que dejara sin efecto el señalamiento de vista de las mismas, señalando en su lugar la vista de su petición.

Lo expuesto consta de los autos originales sobre administración judicial elevados a esta corte con motivo de una solicitud de *certiorari* presentada por los hermanos Jaca alegando que la corte de distrito había ignorado por completo el artículo 72 del Código de Enjuiciamiento Civil y la jurisprudencia sentada en el caso de *Morales, Admor. Jud.* v. *Dessús,* 27 D P.R. 523, al admitir la intervención de los Expósito sin permiso y al reconocerles personalidad cuando su *status* de hijos naturales no constaba de modo auténtico y fehaciente.

Expedido el auto, se oyó a las partes sobre el mismo el 26 de julio actual. Por sus abogados comparecieron los hermanos Jaca y los Expósito, pidiendo los últimos la desestimación del *certiorari* por prematuro. El juez demandado contestó el veinte y uno de julio elevando los autos originales ya mencionados y manifestando que la vista del veintidós "cuyo objeto era considerar la procedencia de la orden al Administrador sobre entrega de dinero o bienes de la herencia a personas que no han sido aún declaradas herederas," había quedado suspendida por razón del *certiorari.*

██ Examinado el caso en su totalidad no encontramos que sea necesaria la actuación de esta corte para encauzar el procedimiento.

Cuando los hermanos Jaca archivaron su petición ante esta corte sólo habían transcurrido cuatro días del archivo de su petición de eliminación y señalamiento en la corte de distrito. No constaba entonces ni consta ahora que la dicha corte hubiera tomado acción alguna sobre la petición, pero hemos visto por su contestación que lo que la corte se proponía era oír a los interesados sobre la pensión.

Sobre la corte de distrito pesa la responsabilidad de la alta inspección de la administración que decretara.

Los Jaca alegaron que eran primos carnales del difunto y que les correspondía su herencia por ser ellos sus parientes más próximos, pero no han sido declarados aún herederos por una corte de justicia. La corte accedió a la adopción de una medida que le propusieron y que representa la entrega a ellos en junto de una suma de ochenta dólares mensuales, ascendente a más de trescientos cuando la medida se adoptó. La atención de la corte fué llamada sobre la legalidad de su orden por los Expósito y conocemos lo que hizo.

No hay duda de que los Expósito que si bien alegaron que eran hijos naturales del difunto habiendo iniciado un pleito para acreditar su filiación, es lo cierto que no han sido aún declarados tales por la corte, no tenían derecho a intervenir de acuerdo con la jurisprudencia sentada en el caso de *Morales, Admor. Jud.* v. *Dessús,* 27 D.P.R. 523 en los siguientes términos:

"El simple hecho de que una persona inicie un pleito para que se le reconozca como hijo natural de otra, no autoriza al demandante para intervenir como tal hijo en otro pleito iniciado por el administrador judicial nombrado a la muerte del alegado padre, porque su condición de hijo no consta aún reconocida en forma auténtica y fehaciente."

Pero si bien ello es así, tampoco hay duda de que dada la naturaleza del procedimiento y la de los deberes que en

el mismo tiene la corte que lo decreta y dirige, y atendida la condición actual de los hermanos Jaca en relación con la herencia—probables herederos para el caso de que no existan descendientes o ascendientes—y la de los Expósito en conexión con la misma—probables herederos con exclusión de los Jaca—dicha corte tuvo facultad por sí misma una vez que fué llamada su atención sobre el particular, irrespectivamente de si·quien se la llamó era o no una parte en la plenitud de sus derechos, para suspender su orden de entrega de pensión, que implica la disposición de fondos de la herencia a personas que quizá no tengan derecho alguno a ellos, y para llamar a los que demostraban tener si no un interés actual totalmente esclarecido, un probable interés, para oírlos en una vista amplia y decidir en definitiva de acuerdo con los hechos y la ley.

Siendo correcto bajo las circunstancias concurrentes el funcionamiento de la Corte de Distrito de San Juan, nuestra actuación, como ya dijimos, resulta innecesaria, *debiendo en su consecuencia anularse el auto expedido y devolverse el expediente a la dicha corte de distrito para que siga conociendo del mismo de acuerdo con la ley.*