María Antonia Detrés, peticionaria y apelada, Ex Parte. Juana Ramona del Rosario Álvarez, conocida por Rosario Álvarez, peticionaria y apelante, Ex Parte.

Núm. 9336.—*Sometido:* Junio 3, 1946. *Resuelto:* Mayo 29, 1947.

*Jorge Díaz Cruz,* abogado de la apelante; *Enrique Báez García,* abogado de la apelada.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

La viuda y la madre de José Nazario Alvarez, quien falleció intestado, solicitaron la administración judicial de los bienes del finado. La corte, después de celebrar una vista y considerar la prueba presentada, nombró a la viuda, María Antonia Detrés, administradora, previa la prestación de la fianza correspondiente. La madre apeló[1] y sostiene en este recurso que la corte inferior erró, 1ro., en la apreciación de la prueba al estimar que la misma sostiene la capacidad de la viuda para administrar y que no existe razón justificada para excluirla como tal y, 2do., al designar a la viuda administradora judicial bajo la premisa de que la ley en Puerto Rico establece una "clara preferencia a favor del cónyuge viudo."

En cuanto al primer señalamiento bastará decir que la corte a quo después de apreciar toda la prueba presentada hizo constar en su resolución que estimaba "satisfactoriamente probado que la viuda, María Antonia Detrés, tiene capacidad necesaria para desempeñar el cargo de Administradora Judicial; teniendo en cuenta, además, que una parte de los bienes son gananciales habidos en su matrimonio con el causante . . ." y más adelante: "En el presente caso no se ha consignado ningún hecho concreto demostrativo de que la cónyuge viuda está incapacitada para el ejercicio del cargo de Administradora. . . . No se ha demostrado razón alguna que justifique el nombramiento de un Administrador extraño con postergación de la viuda cuya gestión como Administradora en todo caso quedará garantida por la fianza que preste, por las cuentas que rinda y por la supervisión que sobre ella ejerza la propia Corte."

Hemos leído la transcripción de la evidencia en este caso y consideramos que la corte inferior no erró al apreciar la prueba en conjunto. Cierto que se trata de una mujer que

---

[1] En 66 D.P.R. 502 denegamos la desestimación del recurso solicitada por la viuda.

va a administrar una finca parcialmente sembrada de cañas de azúcar—la finca es de 122 cuerdas y de ellas 40 están sembradas de cañas—y un pequeño negocio de mercería. Empero, se demostró que la viuda había trabajado en distintas casas comerciales durante varios años y que desde que se casó ayudó a su esposo en sus negocios. No consideramos que la corte inferior cometiera manifiesto error al apreciar la prueba al resolver que la viuda está capacitada para actuar como administradora judicial y, desde luego, no se ha alegado ni probado, que actuara movida por pasión, prejuicio o parcialidad. No se cometió el primer error.

▓▓ En cuanto al segundo, la apelante solicita que revoquemos nuestra decisión en el caso de *Díaz et al.* v. *Cividancs,* 23 D.P.R. 847, en el cual basó la corte inferior su resolución. En dicho caso al interpretar el artículo 564 del Código de Enjuiciamiento Civil (artículo 31 de la Ley sobre Procedimientos Legales Especiales) (²) y después de citar sus precedentes en la Ley de Enjuiciamiento Civil reformada para las islas de Cuba y Puerto Rico de 1885 y en la de Enjuiciamiento Civil de España y los comentarios de Manresa sobre la misma, resolvimos lo siguiente, a la página 852:

"No puede negarse que la redacción del artículo 31 de la Ley de Procedimientos Legales Especiales es algo confusa, pero si dicho artículo se examina cuidadosamente se verá que establece una preferencia a favor del cónyuge viudo en cuanto al nombramiento de administrador.

"Esa preferencia no sólo está conforme con los precedentes legales españoles que hemos invocado, si que también con los ingleses y americanos que se encuentran claramente expuestos en *Ruling Case Law* en el artículo titulado 'Priorities in Right of Administration.'

---

(²) Dicho artículo dispone:

"Artículo 564.—(31 L.) El día y hora señalados en la citación y después de oír personalmente o por medio de sus abogados, a las partes que hubieren comparecido nombrará el juez un administrador. Podrá nombrar al cónyuge sobreviviente, o a la persona con mayor interés en la herencia o sucesión, si tuviere la capacidad necesaria para desempeñar el cargo; y si no la tuviere, o si todos fueren igualmente interesados, o se presentaren objeciones a tal nombramiento, designará el juez un extraño de reconocida honradez y capacidad."

Véase 11 R. C. L. 34 y siguientes. Además es armónica con las disposiciones del Código Civil vigente relativas a las medidas provisionales que deben tomarse en caso de ausencia y a las precauciones que deben adoptarse cuando la viuda queda encinta. Véanse los artículos 94 y 932 del Código Civil Revisado.

"Desde luego que al reconocer la preferencia a favor del cónyuge viudo, no opinamos que sea tan indiscutible que deba siempre prevalecer, porque pudiera darse el caso de existir razones tan poderosas que fuera necesario nombrar administrador a otra persona."

Arguye la apelante que la palabra "podrá" usada en el estatuto confiere al juez la potestad de elegir o seleccionar al administrador de entre las personas que menciona sin establecer "prioridad especial para ninguna de ellas" y que la doctrina sentada en el caso de *Díaz* v. *Cividanes,* supra, seguida en los de *Sabater* v. *Escudero,* 23 D.P.R. 854, e *Iturrino* v. *Iturrino,* 24 D.P.R. 78, "en todo cuanto ordenan preferencia a favor del cónyuge viudo es 'legislación judicial' (*judge made law*) y debe modificarse en el sentido de equiparar a todas las personas que menciona el artículo 564 del Código de Enjuiciamiento Civil en el mismo nivel y con igual oportunidad de ser llamados a la administración, según lo determine la justicia del caso y la sana discreción del magistrado."

En el caso de *Díaz* v. *Cividanes,* supra, no "ordenamos" una preferencia a favor del cónyuge viudo. Nos limitamos a resolver que, de acuerdo con la forma en que está redactado el artículo 31 de la Ley de Procedimientos Legales Especiales y sus precedentes y, tomando en consideración disposiciones de nuestro Código Civil en situaciones similares, dicho artículo establece una preferencia a favor del cónyuge viudo, no de carácter absoluto, sino que de existir razones poderosas—y la incapacidad para desempeñar el cargo sería una de ellas por disposición expresa del artículo—la corte siempre podrá nombrar a otra de las personas especificadas en dicho artículo. La discreción concedida al juez por la ley no ha sido menoscabada por nuestra decisión ya que siempre conserva el poder de resolver si existen o no en el cónyuge

viudo las condiciones necesarias para desempeñar el cargo de administrador. No es éste un caso en que se haya demostrado por la apelante que nuestra decisión en el caso de *Díaz,* supra, "sea tan manifiestamente errónea que no pueda sostenerse sin violentar la razón y la justicia," que nos obligue a variarla después de haber estado en vigor por más de treinta años. *García Fernández, Ex parte,* 44 D.P.R. 296; *Banco de Ponce* v. *Iriarte,* 60 D.P.R. 72.([3]) Por el contrario creemos que la preferencia condicionada que reconocimos al cónyuge viudo está basada, no sólo en la Ley, sino también en la razón y la justicia de que sea llamada en primer término a administrar los bienes la persona que, durante la vida del causante, convivió con él y le ayudó, en una u otra forma, a administrar sus bienes, como se demostró en el caso de autos, siendo parte de esos bienes de carácter ganancial.

*No habiéndose cometido los errores señalados, procede confirmar la resolución apelada.*

---

([3])*Cf. Engracia Torres* v. *Jesús Roldán,* (ante, pág. 367), en el cual, convencidos de que parte del razonamiento y conclusión legal a que llegamos en un caso similar resuelto hace más de veinte años era erróneo, lo revocamos en dicha parte.