AMNERIS RÍOS RODRÍGUEZ, peticionaria y apelada, EX PARTE; PETRA MARTÍNEZ, opositora y apelante.

Núm. 9430.—*Sometido:* Mayo 1, 1947. *Resuelto:* Junio 6, 1947.

*Ramón G. Goyco,* abogado de la apelante; *Frank Torres,* abogado de la apelada.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

Luis Ríos de Jesús murió intestado en la ciudad de Nueva York, teniendo su último domicilio conocido en la ciudad de Ponce, Puerto Rico, en donde dejó bienes consistentes en una pequeña casa y solar. Su hija, Amneris Ríos Rodríguez, solicitó de la Corte de Distrito de Ponce se le declarara heredera universal de los bienes del causante. La corte declaró únicos y universales herederos del causante a su hija del primer matrimonio Amneris Ríos, la aquí peticionaria y apelada, y a su viuda del segundo matrimonio Petra Martínez, la aquí opositora apelante, con derecho a la cuota legal usufructuaria, en la proporción que determina la ley. Luego, la peticionaria solicitó que se le nombrase administradora judicial de los bienes ya mencionados. A esta petición se opuso la viuda alegando que la administración judicial no era necesaria; que no la desea ni la pide para evitar gastos al caudal hereditario y que ella gastó una cantidad de dinero en enfermedad, funerales y entierro de su esposo Luis Ríos, la cual le deberá ser devuelta con cargo al caudal hereditario por la administradora que se nombre. Celebrada la vista, la corte nombró a la peticionaria administradora judicial y de esa sentencia apela la opositora para ante este Tribunal alegando como único señalamiento que "la corte inferior cometió error al preterir a la cónyuge viuda en el nombramiento de administrador judicial, preferencia que le garantiza el artículo 564 del Código de Enjuiciamiento Civil, sin causa o motivo justificado alguno, y de un modo caprichoso."

La cuestión aquí planteada fué considerada por este Tribunal en el caso de *Ex Parte Detrés; Ex Parte Alvarez*, Núm. 9336, sobre Administración Judicial, resuelto en 29 de mayo de 1947 (ante, pág. 381), en que se ratificó la doctrina establecida en el caso de *Díaz* v. *Cividanes*, 23 D.P.R. 847, al efecto de que el artículo 564 del Código de Enjuiciamiento Civil, edición de 1933, establece una preferencia a favor del

cónyuge viudo sobre cualquier otra persona, en cuanto al nombramiento de administrador judicial, a menos que existieran razones tan poderosas que fuera necesario nombrar administrador a otra persona. En el caso de autos, siguiendo la doctrina ya mencionada procedía nombrar a la opositora apelante administradora a menos que hubiesen razones para no hacerlo. De la prueba practicada se desprende que la opositora apelante piensa residir en Puerto Rico; que ha vivido en Nueva York desde el año 1926 hasta el 30 de octubre de 1945; que tiene un negocio establecido en Nueva York que consiste en cuidar niños, vender comidas y hacer bordados; que dicho negocio lo atiende una amiga en la actualidad y que vino a Puerto Rico a atender este asunto, ver a su madre y para quedarse aquí. Basándose en esta prueba, la corte *a quo* llegó a la conclusión de que "la viuda, Petra Ríos, no reside dentro de la jurisdicción del tribunal sino en New York, E. U. de América, y es claro que no podría ella asumir el cargo de administradora de los bienes de su causante y llenar personalmente las obligaciones del cargo impuéstales por la ley de custodiar, guardar y conservar los bienes, rendir las cuentas de su administración y claramente sus funciones como tal no son delegables. No podría la corte ejercer la alta inspección que le incumbe de vigilar su administración (*Jaca* v. *Corte*, 53 D.P.R. 637), estando ella fuera de esta jurisdicción."

Esta conclusión está sostenida por la prueba, pues aunque es cierto que la opositora apelante expresó su intención de residir en Puerto Rico, no es menos cierto que, según su propio testimonio, ella ha estado residiendo en Nueva York por espacio de 19 años y tiene su negocio establecido allí. El juez que presidió la vista y ante el cual depuso la opositora, tuvo la oportunidad que no ha tenido este Tribunal, de verla, de observar su manera de declarar y poder así formar opinión en cuanto a la credibilidad de su testimonio. El juez sentenciador no le dió crédito a la declaración de la opo-

sitora en cuanto a su intención de residir en Puerto Rico. Por el contrario, concluyó, que habiendo vivido en Nueva York, por tanto tiempo; teniendo su negocio allí establecido y habiendo declarado ella misma que había venido a Puerto Rico a "atender este asunto," su residencia seguiría siendo en Nueva York. Siendo esto así, no podría la corte a quo nombrar al cónyuge viudo porque éste no podía ejercer las funciones de su cargo de administrador debidamente como requiere la ley. Es ésta una razón poderosa para no conceder la preferencia en favor del cónyuge viudo establecida por el artículo 564, supra.

*La sentencia de la corte inferior debe ser confirmada.*