EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ RIVERA VÉLEZ, acusado y apelante.

Núm. 13341.—*Sometido:* Noviembre 1, 1948.  *Resuelto:* Noviembre 9, 1948.

*Mario Báez García,* abogado del apelante; *Hon. Procurador General Luis Negrón Fernández* y *J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

El 13 de febrero de 1947 José Rivera Vélez fué sentenciado a cumplir dos meses de cárcel por el delito de portar armas prohibidas.(¹)  El mismo día el acusado apeló de

_____
(¹)El caso había sido sometido con la misma prueba practicada en un juicio que por el delito de atentado a la vida se celebró contra el mismo acusado.

dicha sentencia para ante este Tribunal. En fecha posterior el acusado radicó en la corte inferior una moción solicitando la reconsideración de la sentencia.([2]) La corte, al resolver dicha moción, dijo que se declaraba "sin jurisdicción por haber apelado dicho acusado de la sentencia contra él dictada para ante el Hon. Tribunal Supremo de P. R."

En este recurso el apelante alega que la corte inferior erró al apreciar la prueba incurriendo en pasión, prejuicio y parcialidad al resolver el caso y al no resolver la moción de reconsideración y declararse sin jurisdicción.

■ La prueba presentada por las partes fué contradictoria y la de cargo, creída por la corte, es suficiente para sostener la sentencia. Nada encontramos en el récord que justifique la imputación que hace el apelante al efecto de que la corte actuó movida por pasión, prejuicio o parcialidad. *Ex Parte Detrés,* 67 D.P.R. 381; *Pueblo* v. *Pérez,* 65 D.P.R. 592.

■ En cuanto al segundo señalamiento, aun cuando nuestro Código de Enjuiciamiento Criminal no contiene ninguna disposición autorizando una moción de reconsideración, no tenemos duda de que, al igual que en los procedimientos civiles, dicha moción, de proceder, debe ser presentada antes de haberse radicado el escrito de apelación para ante este Tribunal, pues de lo contrario la corte inferior carece de jurisdicción para resolverla.([3])

■ Una vez radicado dicho escrito la corte inferior pierde su jurisdicción para actuar sobre el caso excepto en aquellos incidentes autorizados por ley tendientes a perfeccionar la apelación. Así se ha resuelto en California, diciéndose en el caso de *People* v. *Helsley,* 108 P.2d 97, 99 (1940): "El efecto de una apelación es remover de la ju-

---

([2])Aun cuando de autos aparece que la moción de reconsideración tiene fecha de 11 de febrero de 1947, el apelante admite en su alegato que dicha fecha está equivocada y admite además que radicó dicha moción después de haber apelado.

([3])*Guilhon & Barthelemy* v. *Corte,* 64 D.P.R. 303.

risdicción de la corte sentenciadora la cuestión envuelta en la sentencia u orden apelada, y por lo tanto no tiene poder para dejarla sin efecto.'' A la misma conclusión hemos llegado en esta jurisdicción en relación con una moción de nuevo juicio o para dejar sin efecto la sentencia radicada después de haberse apelado de la misma. *Pueblo* v. *Méndez,* 67 D.P. R. 824, y en reconsideración a la pág. 829.

*Debe confirmarse la sentencia apelada.*