EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ MENELIO RIVERA y ANTONIO RIVERA NIEVES, demandados y apelantes.

Número 15413.

*Sometido:* 6 de noviembre de 1953. *Resuelto:* 8 de febrero de 1954.

*Luis A. Archilla Laugier,* abogado de los apelantes; *Hon. Secretario de Justicia José Trías Monge, Rafael Ydrach Yordán* y *Jaime García Blanco, Fiscal Auxiliar* y *Fiscal Especial del Tribunal Supremo,* respectivamente, abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR SIFRE emitió la opinión del tribunal.

Los apelantes fueron sentenciados por el extinto Tribunal de Distrito de Puerto Rico, Sección de Bayamón, a siete meses de cárcel cada uno por .infracción a la Ley de Armas de Puerto Rico, Ley número 17 de 19 de enero de 1951 (Leyes de 1950–51, pág. 427). Solicitan que revoquemos la sentencia, sosteniendo que erró el tribunal a quo, *primero,* al resolver que tenía "jurisdicción" para conocer del proceso, *segundo,* al desestimar una excepción perentoria atacando la acusación por causa de duplicidad.

Fueron acusados los apelantes en julio de 1951 de una infracción al artículo 8 de la mencionada ley, y visto el caso, se les sentenció a penas de cárcel por considerar el tribunal que el delito cometido era un *misdemeanor* de acuerdo con el artículo 7 de la misma, y no un *felony* como lo era el imputado bajo el artículo 8. En 30 de abril de 1952 revocamos la sentencia por insuficiencia de la acusación, y ordenamos la devolución del caso para que aquélla fuera enmendada o se radicara una nueva "si los hechos lo justifican y procede". *Pueblo* v. *Rivera,* 73 D.P.R. 440. Cuando todavía no habíamos enviado el mandato comunicando a la corte a quo nuestra

decisión y sentencia, el fiscal presentó una segunda acusación imputando a los apelantes el mismo delito de que les había acusado en la que encontramos defectuosa—infracción al artículo 8 de la Ley de Armas—pero subsanando el defecto que diera lugar a la revocación. El día señalado para la lectura de dicha acusación, solicitaron los apelantes término para alegar, y posteriormente presentaron moción atacando la "jurisdicción" de la citada corte por haberse presentado dicha acusación antes de recibirse el mandato. Desestimada esa moción se procedió a juicio, dictándose la sentencia apelada.

No incurrió el tribunal sentenciador en el error que se le atribuye en el primer señalamiento. Al presentarse la moción atacando el poder de la corte a quo, nuestro mandato *había sido expedido, y recibido por dicha corte.*(1) Después que la moción fué declarada sin lugar se procedió a juicio mediante estipulación de que la causa se viera, en parte, por la evidencia presentada en la vista del caso que dió lugar a la sentencia que revocamos, y finalmente se dictó la que es objeto de revisión en este recurso.

· Aunque es doctrina general que el tribunal sentenciador pierde su poder para actuar en un caso que ha sido apelado, excepto en cuanto "a aquellos incidentes autorizados por ley tendientes a perfeccionar" el recurso, *Pueblo* v. *Rivera*, 69 D.P.R. 339, 340; y que lo readquiere al recibir el mandato de la corte de apelación, *Bertig Bros.* v. *Independent Gin Co., et al.*, 228 S. W. 392, 393 (Ark.), con instrucciones de proceder, *Bowman* v. *State*, 129 S.W. 80, 82; en vista de las anteriores circunstancias, la presentación de la segunda acusación antes de haberse recibido el mandato—actuación que no era nula, sino anulable—*Schneider* v. *Decker*, 291 P. 80, 81 (Okl.); *Horton* v. *State*, 88 N. W. 146, 148; 3 Am. Jur., pág. 727, pasó a ser una irregularidad, que quedó subsanada.

---

(1) El mandato se envió a la corte sentenciadora en 13 de mayo de 1952, y fué recibido por aquélla en 14 de dicho mes. La moción fué radicada en 16 de mayo de 1952.

■■ Tampoco cometió el tribunal sentenciador el error que le atribuyen los apelantes en el segundo señalamiento. La acusación presentada en este caso, lee en parte, así:

"El Fiscal formula acusación contra José Menelio Rivera, Antonio Rivera Nieves . . . . , por un delito de Inf. Ley de Armas de P. R. (Ley núm. 17 de enero de 1951), (Art. 8), (*Felony*), cometido de la manera siguiente:

"Allá en o por el día 22 de mayo de 1951 . . . los referidos acusados José Menelio Rivera, Antonio Rivera Nieves . . . . , ilegal, voluntaria, maliciosa y criminalmente poseían y transportaban . . . . un revólver cargado . . . . , sin tener licencia para ello expedida".

" .     .     .     .     .     .     ."

Fué atacada por medio de excepción perentoria por causa de duplicidad, y la excepción fué declarada sin lugar. Sostienen dichos apelantes que el tribunal sentenciador erró al actuar de ese modo. Su contención es que la acusación imputa más de un delito, a saber, infracción al artículo 6 de la Ley de Armas, que castiga el tener o poseer un arma de fuego, sin licencia, y una infracción al artículo 8 de la citada ley, que castiga el transportar un arma de fuego cargada sin tener licencia para portar armas, (²) porque en ella se alega que los acusados "poseían y transportaban . . . un revólver cargado . . . sin tener licencia . . ."

---

(²) El artículo 6 lee como sigue:

"Artículo 6.—Toda persona que tenga o posea cualquier pistola, revólver u otra arma de fuego sin tener una licencia para ello expedida como más adelante se dispone, será culpable de delito menos grave (*misdemeanor*), y si ha sido convicta con anterioridad de cualquier infracción a esta Ley o de cualquiera de los delitos especificados en el artículo 17 de la misma, o usare el arma en la comisión de uno de dichos delitos, será culpable de delito grave (*felony*)."

El artículo 8 prescribe que:

"Artículo 8.—Toda persona que porte, conduzca o transporte cualquier pistola, revólver o cualquier otra arma de fuego cargada, o que porte, conduzca o transporte cualquier pistola, revólver, o cualquier otra arma de fuego y al mismo tiempo porte, conduzca o transporte municiones que puedan usarse para disparar tal pistola, revólver u otra arma de fuego, sin tener licencia para portar armas expedida según más adelante se dispone, será culpable de delito grave (*felony*)".

No es defectuosa una acusación por causa de duplicidad si en ella se informa al acusado de la naturaleza del delito que se le imputa con suficiente claridad para permitirle que prepare su defensa, y para que pueda presentar la alegación de exposición anterior de procesársele más tarde por el mismo delito. *Millard* v. *United States*, 148 F.2d 154, 156; *Blum* v. *United States*, 46 F.2d 850, 851. La acusación en el caso de autos se ajusta a tales requisitos. En ella se informó clara y expresamente a los procesados que se les acusaba de una infracción al artículo 8 de la Ley de Armas, *felony*, por haber transportado un revólver cargado sin tener licencia. La palabra "poseían" es sencillamente superflua y redundante, y no afecta la validez de dicha acusación. *Millard* v. *United States*, supra. No pudo haber creado confusión alguna en cuanto al delito imputado. *Pueblo* v. *Buxó*, 29 D.P.R., 81, 82.

*La sentencia apelada deberá ser confirmada.*

